IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CARLA A. CLEHM (formerly Blankenship), | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 7:16-CV-0012 |
| | ) |
| BAE SYSTEMS ORDNANCE SYSTEMS, INC., | ) |
| and | ) |
| BAE SYSTEMS, INC., | ) |
| and | ) |
| BAE SYSTEMS PLC, | ) |
| Serve: **CT Corporation System, Reg. Agent** | ) |
| **4701 Cox Road, Suite 285** | ) |
| **Glen Allen, VA 23060-0000** | ) |
| **(Henrico County)** | ) |
| | ) |
| and | ) |
| | ) |
| JOSHUA LINKOUS (Register No. 18904-084), | ) |
| Serve: FCI Butner Low | ) |
| Federal Correctional Institution | ) |
| Old North Carolina Highway 75 | ) |
| Butner, North Carolina 27509 | ) |
| *c/o* **Granville County Sheriff's Office** | ) |
| **143 Williamsboro Street** | ) |
| **Oxford, North Carolina 27565** | ) |
| **(Granville County)** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Carla A. Clehm (formerly Blankenship) moves for judgment against defendants BAE Systems Ordnance Systems, Inc., BAE Systems, Inc., BAE Systems PLC (collectively, "BAE"), and Joshua Linkous, (collectively, "defendants"), jointly and severally, and as grounds therefore states as follows:

## STATEMENT OF THE CASE, JURISDICTION AND VENUE

(1) This is suit for sex discrimination and harassment and assault and battery authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.* and the common law of Virginia.

(2) This Court has jurisdiction pursuant to 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1343(4). This Court has supplemental jurisdiction over the state common law tort claim pursuant to 28 U.S.C. §1367.

(3) Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission and the Virginia Council on Human Rights; received a notice of right to sue dated November 17, 2015; and files this action within 90 days of receipt of the notice of right to sue.

(4) The plaintiff is a female and resident of the Town of Narrows, County of Giles, Virginia.

(5) On information and belief, BAE Systems Ordnance Systems, Inc., BAE Systems, Inc., and BAE Systems, PLC, are corporations or other business entities doing business in the western district of the Commonwealth of Virginia and elsewhere. Plaintiff does not know the precise name of her employer or the legal relationship between the corporate entities. Discovery is required to determine the answer to these questions.

(6) BAE is and was a federal defense contractor and at all times material hereto operated the Radford Army Ammunition Plant (the "Arsenal") in Radford, Virginia.

(7) At all times material hereto, BAE is and was a "person" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(a). At all times material hereto BAE was an "employer" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(b), that is, at all times material hereto BAE was a person engaged in an industry affecting commerce which had fifteen or more employees for each working day in each of twenty or more calendar weeks during the years of plaintiff's employment or the preceding calendar year. At all times BAE employed

2

300 or more persons.

(8) Venue properly lies in the Roanoke division of the western district of Virginia in that all of the discriminatory acts alleged herein occurred in the western district of Virginia.

## STATEMENT OF FACTS

(9) Plaintiff went to work for ATK in Radford, Virginia at the Arsenal in March 2005. ATK later became known as BAE (as stated, plaintiff is not certain of the precise legal name of her employer — the W-2 issued to plaintiff for 2014 identifies her "employer" as "BAE SYSTEMS ORDNANCE SYSTEMS C/O BAE SYSTEMS INC TAX DEPT").

(10) While working for BAE, plaintiff was sexually harassed and sexually assaulted and battered by Joshua Linkous, a coworker. The sexual assault and battery affected plaintiff so severely that she was forced to leave work on or about October 27, 2014, as further described herein.

(11) Very briefly, on May 19, 2014, plaintiff was leaving a building at work when Linkous came up behind plaintiff and told her that he needed to ask her something. In plaintiff's view Linkous is psychotic, and plaintiff did not want to speak with him.

(12) As plaintiff tried to walk away, Linkous grabbed plaintiff's clothing and pulled her backward toward him. Linkous started telling plaintiff that she knew something about his wife (his wife also worked for BAE at the time). Linkous asked plaintiff "who is she fucking and tell me right now, I know you know everything, so tell me what you know, is she fucking Jeremy Smith," or words to that effect.

(13) Plaintiff told Linkous that she did not know and asked him to leave her alone. Linkous kept saying things like "you better tell me what you know. Does she have a secret phone?," and so forth.

(14) Plaintiff told Linkous that she did not know anything and that she had to return to her job. Linkous told plaintiff that we (Linkous and plaintiff) should get together and have sex since he knew that his wife was doing it to him. Plaintiff told Linkous that she was not interested,

3

and that she had to get back to her job. Linkous told plaintiff to let him know anything plaintiff saw or heard and to keep in touch and so forth. Plaintiff was frightened by the encounter and tried to avoid contact with Linkous. On information and belief, a coworker witnessed some of the incident and reported it to human resources.

(15) Then on or about June 5, 2014, plaintiff was at work heading toward her locker when she saw Linkous apparently walking in another direction. Plaintiff lost sight of Linkous and did not see where he went.

(16) As plaintiff tried to leave the building, Linkous suddenly grabbed her and forced her into a small room.

(17) Linkous then shut the door and locked it. He then slammed plaintiff against the wall and told her that we (Linkous and plaintiff) were going to have sex and that he knew that his wife was cheating on him, and that he was going to do the same. Plaintiff was terrified.

(18) Linkous then started kissing plaintiff's face. As she tried to pull away and told him to stop, Linkous told plaintiff "let's have sex" and kissed her neck and forced his hands in her coverall pockets to try to get to her genital area.

(19) Plaintiff told Linkous to stop, that her coworkers were waiting on her. Plaintiff was afraid that Linkous was going to rape her or kill her. At some point plaintiff told Linkous that they (her coworkers) are going to come up here and get her. Linkous then backed away and left the room.

(20) Plaintiff was shaken by what happened and reported the matter to people at work. Plaintiff believes that Linkous has done similar things to other female employees, and that other female employees and other persons came forward and reported sexual assaults and batteries by Linkous to the company with the hope of getting some kind of protection or justice.

(21) Notwithstanding the fact that the company knew or should have known that Linkous had sexually assaulted and battered plaintiff and other women, BAE nevertheless permitted Linkous to continue to work at the Arsenal with plaintiff and the other women for a period of time

4

thereafter. Plaintiff also received text messages at work asking, for example, "Are you at work?" or similar words, some of which plaintiff showed to BAE's security officers at work.

(22)    As a result, plaintiff started having depression, anxiety, panic attacks, and so forth, to the point that plaintiff's doctor removed her from work on or about October 27, 2014.

(23)    Continuing, on or about March 12, 2015, Linkous was indicted and charged by the United States with sexual assault and battery and other crimes against plaintiff and other female coworkers in an action styled *United States of America v. Joshua Linkous*, Case No. 7:15-cr-00016. The case was filed in the United States District Court for the Western District of Virginia, Roanoke Division.

(24)    On or about June 30, 2015, Linkous pled guilty to some of the criminal charges against him, including the sexual assault and battery of plaintiff and other female coworkers (Ex. 1).

(25)    Linkous also agreed to the following written Statement of Facts:

> I was an employee at the Radford Army Ammunition Plant (the "Arsenal") from approximately January 2001 until August 2014 when I was terminated. During part of that time, I worked in the Tub House within the Nitrocellulose Area ("NC Area") of the Arsenal. Victims, 1, 2, and 3, identified as such in the Indictment but whose true identities are known to the Grand Jury and to me, also worked in the NC Area and some of them worked in the Tub House specifically.
>
> On July 27, 2014, I coaxed Victim 1 into the Tub House. No one else was working in the Tub House at that time. As Victim 1 was standing near the lockers in the Tub House, I grabbed her and pushed her into a small secluded room called the "break room." The lights were off and I locked the door. I pushed Victim 1 up against a kitchen counter in the break room, pinning her back against the counter. I forcibly unbuttoned her coveralls (the protective clothing employees wear while working at the Arsenal) while she tried to prevent me from doing so. Victim 1 was crying and told me to stop. I then forcibly turned her around and pinned her stomach against the counter with my body behind her. I got inside her clothing, touched her bare breasts and penetrated her labia with my finger, over her objection and against her will.
>
> In June 2014, I saw Victim 2 [(plaintiff)] at her locker, near the break room in the Tub House. Victim 2 began to exit the Tub House. As she neared the exit, I grabbed her by the upper arm and dragged her into a room on the side of the Tub House were electrical circuit breakers are housed (the "breaker room"). I closed the door and turned off the lights. I pushed her against a control panel and pinned her down with my body. I forcibly kissed her, unbuttoned her coverall clothing, and kissed her breasts against her will. I put my hands inside her coveralls and touched her vaginal area over her underwear with my hand against her will.

5

> Sometime between August 2010 and December 2011, I approached Victim 3, who worked in a building near the Tub House. I put my hand inside her coveralls near her vaginal area, and I asked her to go to the break room in the Tub House with me. Victim 3 said no, and I removed my hand from her coveralls. I then followed her as she tried to walk away, and I forcibly put my hands insider her coveralls and under her underwear against her will. I stopped when a co-worker approached the area of the building where we were located.
>
> I have reviewed the above Statement of Facts with my attorney and I agree that it is true and accurate. I agree that had this matter proceeded to trial, the United States would have proven the facts outlined above beyond a reasonable doubt.
>
> Date: June 29, 2015
> /s/ Joshua Linkous

(Ex. 2).

(26) Plaintiff was out of work without pay from October 27, 2014 (all dates are approximate) until September 2015 (except for several days in May 2015 when she tried to return to work but could not do so). Even then, plaintiff's coworkers continued to harass and retaliate against her. For example, one worker chided plaintiff for complaining about the sexual attacks and asked her how it felt to put a man in prison and how it felt to take a man away from his family so forth, and two men refused to work with plaintiff.

### COUNT I: CLAIM FOR SEX DISCRIMINATION AND HARASSMENT (AGAINST BAE ONLY)

(27) Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(28) At all times material hereto, BAE had a duty to maintain a work environment free of sex discrimination and harassment.

(29) BAE knew or should have known of the hostile work environment and failed to take prompt remedial action reasonably calculated to end the harassment.

(30) BAE further violated federal law by failing to take action reasonably calculated to prevent sex discrimination and harassment and by permitting a work environment to exist that was hostile and offensive to plaintiff and other female employees.

6

(31) As a direct and proximate result of BAE's actions, plaintiff has suffered and will continue to suffer loss of employment, pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

(32) At all times material hereto, BAE engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of plaintiff so as to support an award of compensatory and punitive damages.

(33) The above-described acts by BAE constitute sex harassment and discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq.*

## COUNT II: CLAIM FOR ASSAULT AND BATTERY (AGAINST BAE AND LINKOUS)

(34) Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(35) Linkous' inappropriate and unwanted touching and related conduct also constitutes assault and battery in violation of Virginia common law for which BAE is directly and vicariously liable under the doctrine of *respondeat superior* and otherwise under Virginia common law.

(36) As a direct and proximate result of defendants' conduct, plaintiff has suffered and will continue to suffer pecuniary loss, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

(37) Further, defendants acted with actual malice toward plaintiff or with reckless disregard of the protected rights of the plaintiff so as to support an award of punitive damages.

WHEREFORE, plaintiff Carla A. Clehm (formerly Blankenship) demands judgment against defendants BAE Systems Ordnance Systems, Inc., BAE Systems, Inc., BAE Systems PLC, and Joshua Linkous, and each of them, jointly and severally, for injunctive and equitable relief, compensatory and punitive damages, together with pre-judgment interest and for costs and

7

Case 7:16-cv-00012-MFU   Document 1   Filed 01/13/16   Page 7 of 8   Pageid#: 7

attorney's fees to the extent recoverable by law, and for such other and further relief as may be just and equitable.

Trial by jury is demanded.

Respectfully Submitted,

CARLA A. CLEHM (formerly Blankenship)

By    */s/ Terry N. Grimes*
      Of Counsel

Terry N. Grimes, Esquire (VSB No. 24127)
Brittany M. Haddox, Esquire (VSB No. 86416)
TERRY N. GRIMES, ESQ., P.C.
Franklin Commons
320 Elm Avenue, SW
Roanoke, Virginia 24016
(540) 982-3711
(540) 345-6572 *Facsimile*
Email: *tgrimes@terryngrimes.com*
Email: *bhaddox@terryngrimes.com*
    *Counsel for Plaintiff*