IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CARLA A. CLEHM (formerly Blankenship), | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil No. 7:16-CV-0012 ) |
| BAE SYSTEMS ORDNANCE SYSTEMS, INC., | ) ) ) |
| Defendant. | ) ) |

## ANSWER

Defendant BAE Systems Ordnance Systems, Inc., ("BAE OSI" or "Defendant"), by counsel, hereby files its Answer to plaintiff's Complaint and states as follows:

1.  Paragraph 1 of plaintiff's Complaint contains legal conclusions to which no factual response is required. To the extent paragraph 1 contains factual allegations requiring a response, defendant denies those allegations.

2.  Paragraph 2 of plaintiff's Complaint contains legal conclusions and jurisdictional allegations to which no factual response is required. To the extent paragraph 2 contains factual allegations requiring a response, defendant denies those allegations.

3.  In response to Paragraph 3 of plaintiff's Complaint, defendant admits that plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Virginia Council on Human Rights ("VCHR"), and that the EEOC issued a notice of right to sue dated November 17, 2015. Answering further, paragraph 3 contains legal conclusions to which no factual response is required. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 3 and therefore denies same.

4. In response to Paragraph 4 of plaintiff's Complaint, defendant admits that plaintiff self-identifies as a female. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 4 and therefore denies same.

5. In response to Paragraph 5 of plaintiff's Complaint, defendant admits that it is a corporation doing business in the western district of the Commonwealth of Virginia and that it is plaintiff's employer. Defendant denies the remaining allegations contained in paragraph 5.

6. In response to Paragraph 6 of plaintiff's Complaint, defendant admits that it is a federal defense contractor and at all times material hereto operated the Radford Army Ammunition Plant (the "Arsenal") in Radford, Virginia.

7. Paragraph 7 of plaintiff's Complaint contains legal conclusions to which no factual response is required. To the extent paragraph 7 contains factual allegations requiring a response, defendant denies those allegations.

8. Paragraph 8 of plaintiff's Complaint contains legal conclusions and venue allegations to which no factual response is required. To the extent paragraph 8 contains factual allegations requiring a response, defendant denies those allegations.

9. In response to paragraph 9 of plaintiff's Complaint, defendant denies that "ATK later became known as BAE" and admits that defendant was plaintiff's employer during the relevant time period. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 9 and therefore denies same.

10. Paragraph 10 of plaintiff's Complaint contains legal conclusions to which no factual response is required. To the extent paragraph 10 contains factual allegations requiring a response, defendant denies those allegations.

11. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 11 of plaintiff's Complaint and therefore denies same.

12. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 12 of plaintiff's Complaint and therefore denies same.

13. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 13 of plaintiff's Complaint and therefore denies same.

14. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 14 of plaintiff's Complaint and therefore denies same.

15. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 15 of plaintiff's Complaint and therefore denies same.

16. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 16 of plaintiff's Complaint and therefore denies same.

17. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 17 of plaintiff's Complaint and therefore denies same.

18. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 18 of plaintiff's Complaint and therefore denies same.

19. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 19 of plaintiff's Complaint and therefore denies same.

20. In response to paragraph 20 of plaintiff's Complaint, defendant denies that plaintiff reported any concerns about Linkous to any member of defendant's management until after defendant's Human Resources representatives affirmatively sought her out as a part of an investigation into a complaint initiated by a different employee. Defendant is without sufficient

3
*{#1914624-1, 115568-00004-01}*
Case 7:16-cv-00012-MFU  Document 13  Filed 03/25/16  Page 3 of 10  Pageid#: 42

knowledge or information to form a belief as to the remaining allegations contained in paragraph 20 and therefore denies same.

21. Defendant denies the allegations contained in the first sentence of paragraph 21 of plaintiff's Complaint. Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 21 and therefore denies same.

22. Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 22 of plaintiff's Complaint and therefore denies same.

23. In response to paragraph 23 of plaintiff's Complaint, defendant admits that Linkous was indicted and charged in an action styled *United States of America v. Joshua Linkous*, Case No. 7:15-cr-00016, which was filed in the United States District Court for the Western District of Virginia, Roanoke Division and that the allegations set forth in that case speak for themselves.

24. Defendant admits the allegations contained in paragraph 24 of plaintiff's Complaint.

25. In response to paragraph 25 of plaintiff's Complaint, defendant admits that the written Statement of Facts speaks for itself.

26. In response to paragraph 26 of plaintiff's Complaint, defendant admits that plaintiff was on a leave of absence for a period of time. Defendant is without sufficient knowledge or information as to the remaining allegations contained in paragraph 26 and therefore denies same.

27. Defendant incorporates by reference herein the preceding paragraphs of this Complaint.

28. Paragraph 28 of plaintiff's Complaint contains legal conclusions to which no factual response is required. To the extent paragraph 28 contains factual allegations requiring a response, defendant denies those allegations.

29. Defendant denies the allegations contained in paragraph 29 of plaintiff's Complaint.

30. Defendant denies the allegations contained in paragraph 30 of plaintiff's Complaint.

31. Defendant denies the allegations contained in paragraph 31 of plaintiff's Complaint.

32. Defendant denies the allegations contained in paragraph 32 of plaintiff's Complaint.

33. Defendant denies the allegations contained in paragraph 33 of plaintiff's Complaint.

34. Defendant incorporates by reference herein the preceding paragraphs of this Complaint.

35. Defendant denies the allegations contained in paragraph 35 of plaintiff's Complaint.

36. Defendant denies the allegations contained in paragraph 36 of plaintiff's Complaint.

37. Defendant denies the allegations contained in paragraph 37 of plaintiff's Complaint.

38. Defendant denies the plaintiff is entitled the relief requested in plaintiff's Complaint or to any other relief.

39. Defendant denies all allegations in plaintiff's Complaint not expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

To the extent plaintiff asserts or attempts to assert any Title VII claim beyond those contained in her Charge of Discrimination filed with the EEOC and/or the VCHR, such claims should be are unavailable as a matter of law, in whole or in part, because she has failed to meet the jurisdictional or administrative or other prerequisites or conditions precedent for maintaining such claims.

### THIRD DEFENSE

All actions taken with regard to plaintiff were taken in good faith, for reasonable and legitimate business reasons, and were based on nondiscriminatory factors.

### FOURTH DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, because there was no causal connection between any of defendant's conduct and any damages that plaintiff allegedly suffered.

### FIFTH DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, because Defendant has taken and is taking available means to ensure that its employees are not subjected to unlawful sex discrimination, sexual harassment, or other unlawful conduct. Moreover, plaintiff, by her actions or otherwise, failed to comply with defendant's internal policies for addressing complaints, including a policy barring sexual harassment in the workplace and setting forth a procedure for

addressing such complaints, and, accordingly, plaintiff is estopped, otherwise has waived, or is precluded from asserting her claims for damages or other relief.

**SIXTH DEFENSE**

Plaintiff's claims should be dismissed, in whole or in part, on the grounds that defendant was not on notice of any of plaintiff's concerns or complaints until after the Company had affirmatively sought her out as part of an investigation into a complaint initiated by a different employee. Defendant exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by her employer or to avoid harm otherwise.

**SEVENTH DEFENSE**

Defendant cannot be held liable to Plaintiff under theories of respondent superior or otherwise because defendant had no knowledge of the alleged misconduct until after the Company initiated an investigation into a complaint by a different employee, because said conduct occurred, if at all, outside the scope of the alleged wrongdoer's employment, and because said conduct was not ratified by defendant.

**EIGHTH DEFENSE**

Certain claims are unavailable as a matter of law to the extent they are precluded, preempted and/or barred by the Supremacy Clause of the United States Constitution, Art. VI, cl. 2 because the alleged events occurred, if at all, within a federal enclave, military installation and/or facility, and because Defendant is a federal contractor immune from liability for such claims.

### NINTH DEFENSE

Any monetary relief plaintiff seeks, or might otherwise be entitled to receive against defendant under Count I, must be limited to no more than the maximum amounts provided by 42 U.S.C. § 1981a.

### TENTH DEFENSE

Plaintiff's Complaint fails, in whole or in part, to allege any facts that would support the imposition of punitive damages against defendant herein and the imposition of any such damages would violate the constitutional and/or other rights of defendant.

### ELEVENTH DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which attorney's fees may be granted.

### TWELFTH DEFENSE

Any monetary relief plaintiff seeks, or might otherwise be entitled to receive, must be reduced by the amounts plaintiff earned, or with reasonable diligence could have earned through mitigation, or which she otherwise failed to seek or accept, during or covering the period for which she seeks monetary relief.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, and/or waiver.

### FOURTEENTH DEFENSE

To the extent any of plaintiff's Title VII claims concern events alleged to have occurred more than 300 days before the filing of her Charge of Discrimination with the EEOC or the VCHR, such claims are barred, in whole or in part, by her failure to adhere to applicable statutes of limitations and/or other statutory or other provisions of law.

## FIFTEENTH DEFENSE

Defendant expressly reserves the right to assert additional defenses, counterclaims, cross-claims or any other claims and to add such other parties as defendant may deem appropriate after further proceedings in this case.

WHEREFORE, defendant respectfully requests that this Court enter an order dismissing the Complaint herein in its entirety and award defendant its attorney's fees and costs for defending this suit and such other relief as the Court may deem appropriate.

    /s/ Victor O. Cardwell
Victor O. Cardwell, Esq. (VSB #27747)
cardwell@woodsrogers.com
Thomas M. Winn, III, Esq. (VSB #35758)
winn@woodsrogers.com
WOODS ROGERS PLC
P.O. Box 14125
10 South Jefferson Street, Suite 1400
Roanoke, Virginia 24038-4125
Telephone: (540) 983-7600
Facsimile: (540) 983-7711

*Counsel for Defendant BAE Systems Ordnance Systems, Inc.*

9

# CERTIFICATE OF SERVICE

I hereby certify that on this 25<u>th</u> day of March, 2016 a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and that a true and accurate copy of the foregoing was sent via the CM/ECF system to the following participant:

>Terry N. Grimes, Esquire
>TERRY N. GRIMES, ESQ. P.C.
>320 Elm Avenue, SW
>Roanoke, Virginia 24016

/s/ Victor O. Cardwell