# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| CARLA A. CLEHM (formerly Blankenship), | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil No. 7:16-CV-0012 ) |
| BAE SYSTEMS ORDNANCE SYSTEMS, INC., | ) ) ) |
| Defendant. | ) ) |

## DEFENDANT BAE SYSTEMS ORDNANCE SYSTEMS, INC.'S MEMORANDUM IN SUPPORT OF ITS RULE 12(B)(6) MOTION TO DISMISS

Defendant BAE Systems Ordnance Systems, Inc., ("BAE OSI" or "defendant"), by counsel, hereby files this memorandum in support of its motion to dismiss Count II of plaintiff Carla Clehm's ("Clehm") Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Clehm's assault and battery claim (Count II) fails to state a claim upon which relief may be granted because, as a matter of law, the doctrine of *respondeat superior* is inapplicable, and therefore there is no basis for imposing assault and battery liability upon BAE OSI.

## I.   FACTUAL BACKGROUND

Clehm is employed by BAE OSI, a federal defense contractor that operates the Radford Army Ammunition Plant in Radford, Virginia ("the Arsenal"). (Complaint ¶ 4-6). Clehm alleges that "[w]hile working for BAE [OSI], [Clehm] was sexually harassed and sexually assaulted and battered by Joshua Linkous, a coworker." (Complaint ¶ 10). More specifically, she alleges that on June 5, 2014 Linkous allegedly grabbed Clehm while she was walking down a hallway, forced her into a small room, locked the door, threatened her with sex, and then began kissing her and groping her in intimate areas. (Complaint ¶ 16-19).

Clehm detailed the allegations underpinning this allegation as follows:

> [O]n or about June 5, 2014, [Clehm] was at work heading toward her locker when she saw Linkous apparently walking in another direction. [Clehm] lost sight of Linkous and did not see where he went.
>
> As [Clehm] tried to leave the building, Linkous suddenly grabbed her and forced her into a small room.
>
> Linkous then shut the door and locked it. He then slammed [Clehm] against the wall and told her that we (Linkous and [Clehm]) were going to have sex and that he knew that his wife was cheating on him, and that he was going to do the same. [Clehm] was terrified.
>
> Linkous then started kissing [Clehm's] face. As she tried to pull away and told him to stop, Linkous told [Clehm] "let's have sex" and kissed her neck and forced his hands in her coverall pockets to try to get to her genital area.
>
> [Clehm] told Linkous to stop, that her coworkers were waiting on her. [Clehm] was afraid that Linkous was going to rape her or kill her. At some point [Clehm] told Linkous that they (her coworkers) are going to come up here and get her. Linkous then backed away and left the room.
>
> \* \* \*
>
> [O]n or about March 12, 2015, Linkous was indicted and charged by the United States with sexual assault and battery and other crimes against [Clehm] . . . in an action styled *United States of America v. Joshua Linkous,* Case No. 7:15-cr-00016. The case was filed in the United States District Court for the Western District of Virginia, Roanoke Division.
>
> On or about June 30, 2015, Linkous pled guilty to . . . the sexual assault and battery of [Clehm] . . . .
>
> Linkous also agreed to the following written Statement of Facts:
>
>> I was an employee at the Radford Army Ammunition Plant (the "Arsenal") from approximately January 2001 until August 2014 when I was terminated. During part of that time, I worked in the Tub House within the Nitrocellulose Area ("NC Area") of the Arsenal. . . .

> In June 2014, I saw [Clehm] at her locker, near the break room in the Tub House. [Clehm] began to exit the Tub House. As she neared the exit, I grabbed her by the upper arm and dragged her into a room on the side of the Tub House where electrical circuit breakers are housed (the "breaker room"). I closed the door and turned off the lights. I pushed her against a control panel and pinned her down with my body. I forcibly kissed her, unbuttoned her coverall clothing, and kissed her breasts against her will. I put my hands inside her coveralls and touched her vaginal area over her underwear with my hand against her will. . . .
>
> I have reviewed the above Statement of Facts with my attorney and I agree that it is true and accurate. I agree that had this matter proceeded to trial, the United States would have proven the facts outlined above beyond a reasonable doubt.
>
> Date: June 29, 2015
>
> /s/ *Joshua Linkous*

(Complaint ¶¶ 15-19, 23-25, and Ex. 2 thereto).

## II. COUNT II SHOULD BE DISMISSED AS AGAINST BAE OSI IN ACCORDANCE WITH RULE 12(B)(6) BECAUSE THE DOCTRINE OF *RESPONDEAT SUPERIOR* IS INAPPLICABLE HEREIN AS A MATTER OF LAW

Clehm asserts in Count II of her Complaint a claim for assault and battery against both BAE OSI and Linkous. (Complaint ¶¶ 34-37). In support of her claim against BAE OSI, Clehm alleges in conclusory fashion that "Linkous' inappropriate and unwanted touching and related conduct also constitutes assault and battery in violation of Virginia common law *for which BAE OSI is directly and vicariously liable under the doctrine of respondeat superior* and otherwise under Virginia common law." (Complaint ¶ 35) (emphasis added). The Court should dismiss Count II as to BAE OSI in accordance with Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted because, as a matter of law, the doctrine of *respondeat superior* is inapplicable, and therefore there is no basis for imposing assault and battery liability upon BAE OSI.

3

## A. Rule 12(b)(6) Standards

Fed. R. Civ. P. 12(b)(6) requires dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." A Rule 12(b)(6) motion "tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim." *Townsend v. Fed. Nat. Mortg. Ass'n*, 923 F.Supp.2d 828, 832 (W.D. Va. 2013). A complaint must be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. While the allegations must be viewed in the light most favorable to the plaintiff, courts need not credit conclusory legal terms and allegations that are not reasonably supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## B. The Facts Alleged In Support of Count II Fail As a Matter of Law to State a "Plausible Claim" of *Respondeat Superior* Liability Against BAE OSI within the Meaning of Rule 12(b)(6)

Viewing the allegations in the light most favorable to Clehm, Count II fails to state "a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Under Virginia law, "an employer is liable [under the doctrine of *respondeat superior*] for the tortious acts of its employee if the employee was performing his employer's business and acting within the scope of his employment when the tortious acts were committed." *Plummer v. Ctr. Psychiatrists, Ltd.*, 252 Va. 233, 235, 476 S.E.2d 172, 173 (1996); *see Henderson v. White's Truck Stop, Inc.*, 2011 U.S. Dist. LEXIS 46121, at *21-29 (W.D. Va. 2011); *Heckenlaible v. Va. Peninsula Reg'l Jail Auth.*, 491 F. Supp. 2d 544, 548-50 (E.D. Va. 2007). Once the plaintiff demonstrates that an employment relationship exists, the employer bears the burden of demonstrating that its employee was not acting within the scope of his employment when he committed the tortious act. *Gina Chin & Assocs., Inc. v. First Union Bank*, 260 Va. 533, 542, 537 S.E.2d 573, 577

4

(2000); *see White's Truck Stop, Inc.*, 2011 U.S. Dist. LEXIS 46121, at *21-29. If the evidence leaves the question in doubt, the issue is for the jury to resolve. *Gina Chin & Assocs.* 260 Va. at 542, 537 S.E.2d at 578.

Virginia courts define the term "scope of employment" as follows:

> Generally, an act is within the scope of the employment if (1) it was expressly or impliedly directed by the employer, or is naturally incident to the business, and (2) it was performed, although mistakenly or ill-advisedly, with the intent to further the employer's interest, or from some impulse or emotion that was the natural consequence of an attempt to do the employer's business, "and did not arise wholly from some external, independent, and personal motive on the part of the [employee] to do the act upon his own account. "

*Kensington Assocs. v. West*, 234 Va. 430, 432, 362 S.E.2d 900, 901 (1987) (citation omitted).

"An employer may be held vicariously liable for an employee's harassing conduct when the employee engaged in the conduct as he 'execut[ed] [] the service for which he was engaged.'" *White's Truck Stop, Inc.*, 2011 U.S. Dist. LEXIS 46121, at *22 (*quoting Plummer*, 252 Va. at 237, 476 S.E.2d at 174). Ultimately, the issue for the court to resolve is "'whether the service itself, in which the tortious act was done, was within the ordinary course of [the employer's] business.'" *Gina Chin & Assocs., Inc.* 260 Va. at 543, 537 S.E.2d at 578 (*quoting Davis v. Merrill*, 133 Va. 69, 78, 112 S.E. 628, 631 (1922)); *White's Truck Stop, Inc.*, 2011 U.S. Dist. LEXIS 46121, at *22; *see also Blair v. Defender Servs., Inc.*, 386 F.3d 623, 627 (4th Cir. 2004) (interpreting Virginia law and noting that this is the proper test for resolving the scope of employment issue); *see also Jones v. Tyson Foods, Inc.*, 378 F. Supp. 2d 705, 713 (E.D. Va. 2004) (explaining that "courts must determine whether the activity that gave rise to the tortious act was within the scope of employment, i.e. within the ordinary course of the employer's business"), aff'd 126 Fed. Appx. 106 (4th Cir. 2005).

5

The Supreme Court of Virginia has explained that if the conduct represents a "marked and unusual" or "extreme" "deviation from the employer's business" the question of *respondeat superior* liability is <u>not</u> for the jury. *See Gina Chin & Assocs.*, 260 Va. at 544, 537 S.E.2d at 578. Moreover, *respondeat superior* liability may not be imposed "solely on allegations that the harassment took place at the work place and during work hours." *White's Truck Stop, Inc.*, 2011 U.S. Dist. LEXIS 46121, at *22; Tyson Foods, 378 F. Supp. 2d at 713.

BAE OSI cannot be held liable for Linkous' alleged assault and battery of Clehm for a number of reasons. First, the conduct did not occur within the ordinary course of BAE OSI's business, was not incidental to the services for which Linkous was engaged, and therefore was outside the scope of Linkous' employment. *Blair,* 386 F.3d at 627; *White's Truck Stop, Inc.*, 2011 U.S. Dist. LEXIS 46121, at *22; *Tyson Foods, Inc.*, 378 F. Supp. 2d at 713; *Gina Chin & Assocs., Inc.,* 260 Va. at 543, 537 S.E.2d at 578. Second, the egregious conduct at issue herein represents a "marked and unusual," "extreme" departure from the business of BAE OSI well beyond any rational concept of Linkous' scope of employment. *See Gina Chin & Assocs., Inc.*, 260 Va. at 544, 537 S.E.2d at 578. Third, Clehm has not alleged, nor could she, that there is any nexus between Linkous' job duties or the federal ammunition business of BAE OSI and the alleged workplace assault other than mere time and place.

Cases interpreting Virginia law from the Fourth Circuit, this Court and other courts within this Circuit interpreting the question of *respondeat superior* in the context of workplace sexual assaults confirm that the mere fact that Linkous' alleged conduct occurred during work hours and on BAE OSI premises is <u>not</u> enough to impose *respondeat superior* liability. *See Blair*, 386 F.3d at 624-26; *White's Truck Stop, Inc.*, 2011 U.S. Dist. LEXIS 46121, at *25-27; *Meade v. Johnston Mem'l Hosp.*, 2010 U.S. Dist. LEXIS 91468, at *7 (W.D. Va. 2010).

In *Blair*, the Fourth Circuit applied Virginia law in considering whether a female university student could hold an employer that provided janitorial services to the university liable under the theory of *respondeat superior* for a physical assault committed in a campus bathroom by one of its employees. *Blair*, 386 F.3d at 624-26. The court noted that even when the facts were viewed in the light most favorable to the plaintiff, it was clear that the physical assault "had nothing to do with [the employee's] performance of janitorial services." *Id.* at 627. It reasoned that "the simple fact that an employee is at a particular location at a specific time as a result of his employment is not sufficient to impose *respondeat superior* liability on the employer." *Id.* The court, further explained that when the employee "embarked on independent acts to attack [the plaintiff], he clearly acted outside the scope of his employment. We hold that this act was so great a deviation from [the employer's] business that the District Court correctly granted [the employer's] motion for summary judgment on the *respondeat superior* liability claim as a matter of law." *Blair*, 386 F.3d at 628.

Similarly, in *Tyson Foods*, the plaintiff alleged that her coworker/supervisor invited her into his office during working hours, closed the door, asked her to date him, and "grab[bed] her buttocks, pulled her toward him, pressed his pelvic area into hers, and simulated the act of sexual intercourse." *Tyson Foods*, 378 F. Supp. 2d at 710. The U.S. District Court for the Eastern District of Virginia, interpreting Virginia law, noted that although the harassment occurred within the workplace, the supervisor "was not engaged in his workplace duties or functions when he asked Plaintiff on a date, attempted to kiss her, and touched her inappropriately." *Id.* The court thus held that these allegations failed to establish *respondeat superior* liability because the activity that gave rise to the tortious act was not within the scope of the harasser's employment. *Id.*

7

Closely on point is *Meade*, where this Court dismissed an assault and battery claim brought against a hospital employer on the basis of *respondeat superior* liability. In that case, a RN allegedly sexually harassed a phlebotomist under the RN's supervision while both were on duty. *Meade*, 2010 U.S. Dist. LEXIS 91468, at *1-2. This Court explained that the bare factual allegation that the RN and the phlebotomist were on duty was not sufficient to give rise to *respondeat superior* liability. *Id.* at *10. The complaint did not allege that the RN "engaged in the harassing conduct in connection with his execution of the duties for which he was hired." *Id.* at *11. The phlebotomist did not allege, for example, that the RN's harassment occurred "while he was assisting patients, managing medications, or in any way interacting with [the plaintiff] in connection with his alleged 'supervisory duties' over her." *Id.* This Court held,

> It is clear on any interpretation that this conduct constituted an independent act that grossly deviated from [the RN's] workplace duties and functions as a registered nurse. Of course, [the plaintiff's] baldly conclusory allegation that [the RN's] harassing conduct occurred "in the course of and "within the scope of his employment does not suffice to defeat a motion to dismiss. The court therefore is constrained to conclude that Meade's complaint fails to sufficiently allege that Parks' conduct occurred within the scope of his employment.

*Meade*, 2010 U.S. Dist. LEXIS 91468, at *7 (citations omitted).

Viewed together, "these cases establish that the tortious acts giving rise to the employer's liability must occur in connection with the exercise of specific workplace duties or functions." *White's Truck Stop, Inc.*, 2011 U.S. Dist. LEXIS 46121, at *28. There are no allegations in this case that satisfy that standard – rather, as noted above, the only connection between Linkous' conduct and BAE OSI merely was time and place, which have been deemed insufficient to impose *respondeat superior* liability. Moreover, as this Court observed in *Meade*, Clehm's "baldly conclusory allegation" that BAE OSI is directly and vicariously liable under the doctrine

8

of *respondeat superior* "does not suffice to defeat a motion to dismiss." *Meade*, 2010 U.S. Dist. LEXIS 91468, at *7.

Even when viewing the evidence in the light most favorable to Clehm, Linkous was executing absolutely no job functions when he pulled Clehm, who was passing by, into a small room and committed the acts to which he plead guilty and for which he is now serving time in jail. Like Meade, there is no allegation, nor could there be, that Linkous "engaged in the harassing conduct in connection with his execution of the duties for which he was hired." *Meade*, 2010 U.S. Dist. LEXIS 91468, at *11; *see also White's Truck Stop, Inc.*, 2011 U.S. Dist. LEXIS 46121, at *28 (observing that "tortious acts giving rise to the employer's liability must occur in connection with the exercise of specific workplace duties or functions"). As this Court has held, "*Respondeat superior* liability may not be imposed 'solely on allegations that the harassment took place at the work place and during work hours.'" *White's Truck Stop, Inc.*, 2011 U.S. Dist. LEXIS 46121, at *29; *Tyson Foods*, 378 F. Supp. 2d at 713. Rather, Linkous' conduct "constituted an independent act that grossly deviated from [his] workplace duties and functions." Meade, 2010 U.S. Dist. LEXIS 91468, at *11. Accordingly, there is no basis for holding BAE OSI liable for Linkous' actions on a claim of *respondeat superior* liability.

## III. CONCLUSION

The facts alleged in support of plaintiff's theory of liability are so beyond the realm of any imaginably broad notion of any employee's "scope of employment" that the doctrine of *respondeat superior* simply cannot and does not apply herein as a matter of law. Count II fails as a matter of law to state a claim upon which relief may be granted, and it should be dismissed as against BAE OSI with prejudice in accordance with Fed. R. Civ. P. 12(b)(6).

9

WOODS ROGERS PLC

/s/ Victor O. Cardwell
Victor O. Cardwell, Esq. (VSB #27747)
cardwell@woodsrogers.com
Thomas M. Winn, III, Esq. (VSB #35758)
winn@woodsrogers.com
P.O. Box 14125
10 South Jefferson Street, Suite 1400
Roanoke, Virginia 24038-4125
Telephone: (540) 983-7600
Facsimile: (540) 983-7711

*Counsel for Defendant BAE Systems Ordnance Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March, 2016 a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and that a true and accurate copy of the foregoing was sent via the CM/ECF system to the following participant:

Terry N. Grimes, Esquire
TERRY N. GRIMES, ESQ. P.C.
320 Elm Avenue, SW
Roanoke, Virginia 24016

/s/ Victor O. Cardwell