IN THE
UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CARLA A. CLEHM (formerly Blankenship), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:16-cv-00012 |
| ) | |
| BAE SYSTEMS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN OPPOSITION TO**
**BAE'S MOTION TO DISMISS**

Defendant BAE Systems Ordnance Systems, Inc. ("BAE") has moved to dismiss Count II, plaintiff's assault and battery claim, pursuant to Rule 12(b)(6) claiming that plaintiff has failed to allege sufficient facts to show that BAE may be held liable pursuant to the doctrine of *respondeat superior* [ECF 15, 16]. The motion is without merit and must be denied.

**Standard of Review**

Under Iqbal and Twombly, a complaint survives a motion to dismiss if (1), avoiding reliance on "labels and conclusions," it sets out facts sufficient to constitute a "short and plain statement of the claim," *see* Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); and (2), taking into consideration the context of the legal claim asserted, meets a minimal "plausibility" standard. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). In terms of setting forth sufficient facts, a complaint meets the requisite standard as long as it "give[s] the defendant fair notice of what the…claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). As to the "plausibility" requirement, the Supreme Court made clear in Iqbal and Twombly that plausibility does *not* require any showing of probable or

1

likely success. To the contrary, a claim may proceed even if actual proof is "improbable" and ultimate recovery "unlikely." Twombly, 550 U.S. at 556; *see also* Wynder v. McMahon, 360 F.3d 73, 78 (2d Cir. 2004) (noting that Rule 8's purpose is to "lower the entry barrier for federal plaintiffs," to facilitate resolution of cases on their merits, rather than on the basis of technical pleading requirements); Krupski v. Crociere S.p.A., 130 S. Ct. 2485, 2494 (2010) (noting that federal rules express a preference "for resolving disputes on their merits"). Thus the purpose of a Rule 12(b) motion is to test the sufficiency of the complaint, not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. Canal Ins. Co. v. Barker, 2007 U.S. Dist. LEXIS 84474, at *4-5 (E.D. Va. Nov. 14, 2007).

**Argument**

Plaintiff has alleged a claim against BAE for sex discrimination and harassment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq.* (Count I) and a claim against both BAE and Joshua Linkous for assault and battery in violation of Virginia common law (Count II). BAE has moved to dismiss the assault and battery claim against it on the basis that it cammot be held liable pursuant to the doctrine of *respondeat superior*. As stated, the motion is without merit and must be denied.

> An assault and battery is the unlawful touching of another. *See* Gandt v. Commonwealth, 27 Va. App. 148, 151, 497 S.E.2d. 887, 888 (1998). Assault and battery is "the least touching of another, willfully or in anger." Roger D. Groot, *Criminal Offenses and Defenses in Virginia.* 29 (4th ed.1998). The defendant does not have to intend to do harm; the battery may also be "done in a spirit of rudeness or insult." Id. (footnote omitted).

Perkins v. Commonwealth, 31 Va. App. 326, 330, 523 S.Ed.2d. 512 (2000).

Several cases from the Supreme Court of Virginia are instructive. In Richmond Newspapers, Inc. v. Hazelwood, 249 Va. 369, 457 S.E.2d 56 (1995), the plaintiff alleged in Count I of a motion for judgment assault and battery committed by a fellow employee and in Count II a

2

claim for negligent hiring and retention of "'unfit person in the work place.'" Id., 249 Va. at 371. The plaintiff in Richmond Newspapers alleged that certain "goosing" incidents caused him to suffer emotional problems, depression and post-traumatic stress disorder, for which he sought psychological treatment. Id.

The case proceeded to a trial by jury, resulting in a verdict for the plaintiff for $40,000 for compensatory damages and $100,000 in punitive damages. Richmond Newspapers moved to set aside the verdict on the grounds that plaintiff's exclusive remedy was under the Virginia Workers' Compensation Act. The trial court denied the motion and entered judgment on the verdict. Id., 249 Va. at 371-72. The trial court denied the defendant's motion to set aside the verdict and held that plaintiff's injury arose out of and in the course plaintiff's employment. The trial court also held, however, that plaintiff did not suffer an injury by accident within the meaning of the Act and that his claim was therefore not barred by the exclusivity provision of the Act. Id., 249 Va. at 372. On appeal, the employer challenged the trial court's ruling that the plaintiff did not suffer injury by accident. In an assignment of cross-error, the plaintiff charged that the trial court erred by holding that his injury "arose out of" his employment. Id. The Supreme Court held in favor of the plaintiff on both questions and held that the trial court erred by concluding that plaintiff's injury "arose out of" his employment.

Remarkably, the employer in Richmond Newspapers argued that goosing was an actual risk of the plaintiff's employment. The Supreme Court disagreed,

> Richmond Newspapers, however, fails to respond to an important point of law made on brief by the plaintiff, a point that is well supported by several decisions of this Court involving assaults upon employees. If the assault is personal to the employee and not directed against him as an employee or because of his employment, the injury does not arise out of the employment. Reamer v. National Service Industries, 237 Va. 466, 471, 377 S.E.2d 627, 630 (1989); Metcalf v. A. M. Express Moving Systems, Inc., 230 Va. 464, 470,

3

> 339 S.E.2d 177, 181 (1986); City of Richmond v. Braxton, 230 Va. 161, 165, 335 S.E.2d 259, 262 (1985); *see also* Hopson v. Hungerford Coal Co., 187 Va. 299, 305-06, 46 S.E.2d 392, 395 (1948); A. N. Campbell & Co. v. Messenger, 171 Va. 374, 377-78, 199 S.E. 511, 513 (1938); Continental Life Ins. Co. v. Gough, 161 Va. 755, 659-60, 172 S.E. 264, 266 (1934).

Id., 249 Va. at 373.

The Supreme Court noted that the evidence showed that the goosing at issue took place as a joke and because plaintiff and defendant's employee were friends. Defendant's employee testified, "`everybody thought it was a big joke back then. It was like a big locker room, a bunch of guys working together.'" Id., 249 Va. at 374. The Supreme Court concluded that the goosing "was of a personal nature and not directed against the recipients as employees or in furtherance of the employer's business. Hence, Hazelwood's injury, suffered as a result of the goosing, did not arise out of his employment." Id., 249 Va. at 375. The Supreme Court sustained the plaintiff's assignment of error, rejected the employer's assignment of error, and affirmed the judgment in favor the plaintiff. Id. Importantly the Supreme Court affirmed the judgment of the trial court imposing liability upon the corporate employer for inappropriate touching by an employee.[1]

The law concerning corporate liability is well-established in the Commonwealth. The law of *respondeat superior* in the Commonwealth is set forth in Commercial Business Systems, Inc. v. BellSouth Services, Inc., 249 Va. 39, 453 S.E.2d 261 (1995); Plummer v. Center Psychiatrist, Inc., 252 Va. 233, 476 S.E.2d 172(1996), and Giant of Maryland, Inc. v. Enger, 257 Va. 513, 515 S.E.2d 111 (1999).[2]

---

[1] The workers' compensation bar is not at issue in this case because of Va. Code §65.2-301(C) (1950), as amended, which provides that "[n]othing in this title shall create a remedy for sexual harassment nor shall this title bar any action at law, that might otherwise exist, by an employee who is sexually harassed."

[2] The Virginia courts also hold employer's liable for their employee's defamation pursuant to the doctrine of *respondeat superior*. Magallon v. Wireless Unlimited Inc., 85 Va. Cir. 460, 467 (Va.

BellSouth involved claims for statutory conspiracy and other business torts. The claims were prompted by the actions of a BellSouth employee in allegedly soliciting and collecting kickbacks in violation of BellSouth's rules governing conflicts of interest. The Supreme Court held that BellSouth could be liable for these acts:

> [T]he facts...do not conclusively establish that [employee] was not acting within the scope of his employment when he committed the wrongful acts. *Unquestionably, [the employee's] conduct was outrageous and violative of his employer's rules. His motive was personal* -- to advance his self-interest, rather than the interests of BellSouth. And yet, [the employee's] willful and malicious acts were committed while [he] was performing his duties as BellSouth's contract negotiator and administrator and in the execution of the services for which he was employed.
> . . .
> We hold, therefore, that the evidence presents a jury issue whether [the employee] acted within the scope of his employment when he committed the wrongful acts.

BellSouth, 249 Va. 46 [Emphasis added].

As broadly as BellSouth drew the lines of vicarious liability, the Virginia Supreme Court extended those lines further in Plummer. Plummer is an interesting case, because it involves the unusual tort of voluntary sexual conduct (based on a professional overcoming the will of his clients by use of his "education, experience, and knowledge"). In Plummer the plaintiff was a client of the tortfeasor, a licensed clinical psychologist employed by the defendant Center. The plaintiff alleged that the tortfeasor engaged in sexual intercourse with her while receiving counselling from the psychologist at his place of business. The employer demurred to the motion for judgment, claiming that the act of sexual intercourse between plaintiff and tortfeasor was not, as a matter of law, within

---

Cir. Ct. 2012) ("Ms. Magallon states a claim for defamation and defamation per se for alleged statements made by Mr. Chaudhary, and asserts that Wireless Unlimited is liable under the theory of respondeat superior. As explained above, the Court holds that Ms. Magallon properly pleaded a claim of respondeat superior liability.").

5

the course of the psychologist's employment. The trial court dismissed the claim, and the Supreme Court reversed.

The Supreme Court pointed to the fact that the tort was alleged to have occurred "while he was performing his duties as a psychologist in the execution of the services for which he was employed," and that it was his very "education, experience, and knowledge of the plaintiff" that enabled him to overcome her will. 252 Va. at 237. The court also noted that it is the employer's burden to prove the employee is acting outside the scope of employment, and when "the evidence leaves the question in doubt it becomes an issue to be determined by the jury." 252 Va. 233 (quoting Kensington Associates v. West, 234 Va. 430, 362 S.E.2d 900 (1987); Broaddus v. Standard Drug Co., 211 Va. 645, 179 S.E.2d 497 (1971)).

In April 1999 the Supreme Court decided another case, which was widely interpreted as heralding a swing in the pendulum away from Plummer. Actually, the decision in Enger is entirely consistent with the court's recent jurisprudence on vicarious liability. Like Plummer and BellSouth, Enger did not involve liability to an employee for tortious acts committed by a co-worker. However, like Plummer and BellSouth, the holding in Enger is directly apposite to those issues.

In Enger the plaintiff alleged she was attacked while shopping by an employee of the defendant food store. As alleged a store manager asked the tortfeasor, a produce clerk, to pick up a stalk of celery from the floor. At this the tortfeasor became combative, claiming that he was the "devil" and that he would "burn" the manager. When another employee (called to witness the altercation) touched the tortfeasor on the shoulder, the tortfeasor responded with a series of "punches" and "karate kicks" aimed at the other employee. The tortfeasor narrowly missed kicking

6

the plaintiff in the face" "I could even feel it." When the tortfeasor turned to leave the store, the plaintiff asked him for his name — "And then he slugged me...and I went flying across the floor."

The trial court instructed the jury, in part:

> [I]f the tortious act of the employee arose out of an activity which was within the employee's scope of employment or within the ordinary course of business, then that act may be considered to be within the scope of employment.

257 Va. 515. The employer argued that this instruction "attempts to make the employer liable for any tort committed while `at work,' even though the employee's acts may have been committed outside the scope of employment," Id. The Supreme Court agreed and held that this jury instruction was inconsistent with Virginia law — "the instruction allows the jury to find the employer liable for any tort committed during the employer's employment, even if the service that the employee was performing when he committed the tortious acts was not within the ordinary course of the employer's business or not within the scope of the employee's authority." 257 Va. at 516-17. The court remanded the matter for a new trial.

This last point is critical: the case was remanded for trial. In other words, the Supreme Court did not find that the conduct described was not within the scope of the employee's employment, but merely that the jury needed to be instructed more specifically as to the elements of *respondeat superior*.

On November 3, 2000 the Supreme Court of Virginia handed down two more decisions holding that an employer can be liable under the doctrine of *respondeat superior* for the intentional torts and criminal acts of its employees. Together, the cases hold that proof of an employment relationship creates a rebuttable presumption of the employer's liability for an employee's intentional torts and criminal acts.

7

In <u>Majorana v. Crown Central Petroleum Corp. Co.</u>, 260 Va. 521, 539 S.E.2d 426 (2000), an employee alleged that as she attempted to purchase gasoline from a retail gas station owned and operated by Crown Petroleum, Crown Petroleum's employee "moved from behind the counter, lunged at her, and attempted to kiss her. He then grabbed her breasts, rubbed his body against her, `and made an animal-like conquering scream.'" <u>Id.</u>, at 524. The employee filed a motion for judgment asserting various theories of liability including assault and battery, intentional infliction of emotional distress, simple negligence and gross negligence, and negligent hiring, training and retention. The employee asserted with respect to the assault and battery and intentional infliction claims that Crown Petroleum was vicariously liable for the employee's acts. <u>Id.</u> Just as BAE in the case at bar, Crown Petroleum filed a demurrer asserting that the employee "was not, as matter of law, acting within the scope of his employment" when he assaulted Majorana. Crown asserted that when the employee moved from behind the payment counter, "he was acting thereafter outside the scope of his employment and against the interests of Crown," and that Crown could not be held liable as a matter of law. <u>Id.</u> The trial court entered summary judgment for Crown on the claims of assault and battery and intentional infliction of emotional distress. <u>Id.</u>, at 525.

The Supreme Court reversed the judgment of the trial court. The Supreme Court began its analysis by noting that "[i]n <u>Plummer v. Center Psychiatrists, Ltd.</u>, 252 Va. 233, 476 S.E.2d 172 (1996)], we held that an allegation that the employee, a therapist, had engaged in an improper sexual relationship with a patient stated a cause against his employer under the doctrine of *respondeat superior*." <u>Id.</u>, at 526 (citing <u>Plummer</u>, 252 Va. at 237, 476 S.E.2d at 174).

> It is sufficient to say that in such cases, while the plaintiff bears the burden of persuasion on the issue whether the employee was within the scope of the employment when the act which caused the injury was committed, the plaintiff's burden of production on that issue is met by establishing the employer-employee relationship at that time. When the plaintiff presents evidence sufficient to show the

8

> existence of an employer-employee relationship, she has established a *prima facie* case triggering a presumption of liability. McNeill v. Spindler, 191 Va. 685, 694-95, 62 S.E.2d 13, 17-18 (1950). The burden of production then shifts to the employer, who may rebut that presumption by proving that the employee had departed from the scope of the employment relationship at the time the injurious act was committed. Kensington Associates v. West, 234 Va. 430, 432-33, 362 S.E.2d 900, 901 (1987). If the evidence leaves in doubt the question whether the employer acted within the scope of the employment, the issue is to be decided by the jury and not as a matter to law by the trial court. Id., *see also* Plummer, 252 Va. at 235, 476 S.E.2d at 174.

Majorana, at 526-527. The Supreme Court reversed the judgment of the trial court and remanded the case for further proceedings.

Similarly, in Gina Chin & Associates, Inc. v. First Union Bank, 260 Va. 533, 537 S.E.2d 573 (2000), the plaintiff alleged that First Union was vicariously liable for its employee's criminal acts in a scheme to deposit forged checks. At trial First Union moved to strike plaintiff's evidence arguing that First Union was not liable as a matter of law for its employee's criminal acts because the acts "'were not within the scope of the employee's authority, being in contravention of First Union's directives, and they were not within the scope of employment as they were shown not to be in furtherance of First Union's interests....'" Id., at 539-540. The trial court sustained the motion to strike and dismissed the plaintiff's case.

On an appeal, the Supreme Court reversed. The Supreme Court began by citing well-established authority concerning the doctrine of *respondeat superior* in Virginia,

> With respect to an assertion of liability based upon the doctrine of *respondeat superior*, this Court made the following pertinent observation almost 80 years ago in Davis v. Merrill, 133 Va. 69, 112 S.E. 628 (1922):
>
>> If a person, acting for himself, wilfully and maliciously inflicts an injury upon another, he is liable in damages for such injury. And there is no reason why a master should be permitted to turn his

9

> business over to servants who have no regard for the public welfare and thereby escape the responsibility which he would otherwise have to bear. It is manifestly right and just that both corporations and individuals be required to answer in damages for wanton and malicious assaults inflicted upon others by their servants, while acting within the scope of the servant's employment and duty, and it matters not whether the act of the servant is due to lack of judgment, the infirmity of temper, or the influence of passion, or that the servant goes beyond his strict line of duty and authority in inflicting such injury....

Chin, at 540 (citing Davis, 133 Va. at 74, 112 S.E. at 630-31).

Like BAE in the case at bar, First Union in Chin argued vigorously that Virginia law requires that the "specific act which caused the injury be performed by the employee with an intent to benefit the employer." Id., at 541. The Supreme Court expressly rejected the contention,

> At first blush, this language is susceptible to such an interpretation. However, our prior decisions do not support that interpretation by implication, *see, e.g.*, Plummer v. Center Psychiatrists, Ltd., 252 Va. 233, 238, 476 S.E.2d 172, 175 (1996) (counselor engaging in unethical sexual relationship with patient was potentially acting within scope of employment); Commercial Business Systems, 249 Va. 46, 453 S.E.2d at 266 (employee violating company rule against self-dealing and accepting illegal bribes to award contracts was potentially acting within the scope of employment), *and we expressly reject it now.*
>
> In cases involving a willful and wrongful act of an employee, a narrow and literal reading of the language in this definition, which would create a patent conflict within it, is not to be applied as a matter of law to the facts of a particular case. The present case and First Union's assertions in support of its motion to strike Chin's evidence are illustrative of the point. Where an employee commits a willful and wrongful act that results in injury to others, simple logic suggests that such employee generally does not do so "with the intent to further the employer's interest." That is to say, the employee generally does not intend to benefit the employer.

Chin, at 541. [Emphasis added].

In language that is clear and unmistakable, the Supreme Court in Chin stated that the Supreme Court has "consistently held that proof of the employment relationship creates a *prima facie* rebuttable presumption of the employer's liability." Id., at 542 (citations omitted). The Supreme Court further held that "the motive of the employee in committing the act complained of is not determinative of whether it took place within the scope of the employment relationship." Id., at 543 (citations omitted). "Rather, the issue is `whether the service itself, in which the tortious act was done, was in the ordinary course of such business.'" Id., at 543 (citations omitted). The Supreme Court noted further "that the employee's improper motive is not irrelevant to the issue of whether the act was in the scope of employment. Rather, it is merely a factor to be considered in making that determination, and, unless the deviation from the employer's business is slight on the one hand, or marked and unusual on the other, but falls instead between those two extremes, the question is for the jury." Id., 543-544. Applying the law concerning *respondeat superior* to the facts in Chin, the Supreme Court held that by establishing that an employer-employee relationship existed between First Union and the tortfeasor, the plaintiff established a *prima facie* case of First Union's liability. Id., at 544.

Second, in rejecting First Union's contention that the employee was acting exclusively for his own benefit and therefore outside the scope of his employment with First Union, the Supreme Court held that "[t]here can be no doubt that Cardenas [the employee] was not steadfast in the performance of his duties and obligations to his employer when he chose to participate in a criminal scheme to accept forged checks for deposit. Cardenas was acting out of self-interest in participating in Lehman's scheme, and his conduct was `outrageous and violative of his employer's rules.' Commercial Business Systems, 249 Va. at 46, 453 S.E.2d at 266. Nonetheless, it is clear that in doing so he was performing a normal function of a bank teller in accepting checks for

11

deposit." Chin, at 545. The Supreme Court concluded that the trial court's decision to strike Chin's evidence was error and reversed and remanded the case for further proceedings.

Accordingly this Court should conclude that at this stage of the proceedings, the allegations are sufficient to establish liability for assault and battery against BAE. Henderson v. White's Truck Stop, Inc., 2011 U.S. Dist. LEXIS 46121 (W.D. Va. Apr. 29, 2011), cited by BAE, is not instructive for several reasons. First, it was decided on a motion for summary judgment, not a motion to dismiss. In fact, the plaintiff in Henderson survived a motion to dismiss. It was only after discovery was concluded that the Court found that the defendant under those specific circumstances could not be held liable pursuant to *respondeat superior*. Thus, the questions of whether the conduct occurred within the ordinary course of BAE's business, was incidental to the services for which Linkous was engaged, whether there was a nexus between Linkous' job duties or the federal ammunition business of BAE and the alleged workplace assault, and thus whether the assault and battery was outside the scope of Linkous' employment, all cannot be determined until discovery has been conducted. Moreover, it is significant to note that White's Truck Stop involves a federal trial court's efforts to construe and apply Virginia law — not the Supreme Court of Virginia's application of Virginia law. As stated, the Supreme Court of Virginia has consistently held the master liable for intentional torts committed by servants.

Moreover, as the Court noted in White, "[i]n determining whether particular employee conduct was within the scope of employment, an employer may be held liable even if the conduct was not undertaken with the intent of furthering the employer's interest." White, 2011 U.S. Dist. LEXIS 46121, at *21-22 (citing Chin, 260 Va. at 542). Thus, the allegations by plaintiff that, "[w]hile working for BAE, plaintiff was sexually harassed and sexually assaulted and battered by Joshua Linkous, a coworker," (ECF 1, ¶10) that while both were working,

12

"Linkous came up behind plaintiff and told her that he needed to ask her something," (¶11), then "[a]s plaintiff tried to walk away, Linkous grabbed plaintiff's clothing and pulled her backward toward him," (¶12) that on another occasion while both were working, "Linkous suddenly grabbed her and forced her into a small room," (¶16), "Linkous then shut the door and locked it. He then slammed plaintiff against the wall and told her that we (Linkous and plaintiff) were going to have sex and that he knew that his wife was cheating on him, and that he was going to do the same. Plaintiff was terrified," (¶17) and "Linkous then started kissing plaintiff's face. As she tried to pull away and told him to stop, Linkous told plaintiff 'let's have sex' and kissed her neck and forced his hands in her coverall pockets to try to get to her genital area," (¶18), that plaintiff "told Linkous to stop, that her coworkers were waiting on her," (¶19), and when Linkous finally left, plaintiff "reported the matter to people at work" (¶20), and yet Linkous was still permitted "to continue to work at the Arsenal with plaintiff and the other women for a period of time thereafter," (¶21), and plaintiff had to be out of work without pay for almost a year and has been retaliated against since returning (¶26), are sufficient at this stage of the proceedings to state a claim that BAE is liable to plaintiff for Linkous' assaults and batteries.

Young v. Sheetz, Inc., 987 F.Supp. 496 (W.D.Va. 1997) — another decision of this court — is on point. There the plaintiff filed suit for sexual harassment Title VII and common law assault and battery under Virginia law against her employer and her supervisors for "unwelcome physical touching" and offensive sexual conduct. Id. at 497-98. The corporate defendant moved for summary judgment and argued — just as the corporate defendant in the case at bar — that "they are not responsible for the 'personal acts'" of the individual defendants. Id. at 503. The district court rejected that argument and summarized succinctly Virginia law,

> [T]he test for liability under *respondeat superior* is "not whether the tortious act itself is a transaction within the ordinary course of the business of the master, but

13

> whether the service itself, in which the tortious act was done, was within the scope of such authority." 922 F. Supp. at 1126. A Virginia Supreme Court case from last year, Plummer v. Center Psychiatrists, Ltd., 252 Va. 233, 476 S.E.2d 172 (Va. 1996), indicates that summary judgment as to *respondeat superior* is rarely appropriate. In Plummer, a psychiatrist had sexual intercourse with a patient even though he was aware that, because of her mental state she was "unable to act with volition." 476 S.E.2d at 173. The trial court granted defendant's demurrer that the doctor was not acting in the course of his employment, but the supreme court disagreed. The court noted that the employer bears the burden of proving that the act was not within the scope of employment once the plaintiff demonstrates that an employee-employer relationship existed. Id. at 174. The court then looked to Commercial Business Systems v. BellSouth, 249 Va. 39, 453 S.E.2d 261 (Va. 1995), which described the haziness of the limits of scope of employment. Id. Both courts carefully reject assumptions about the meaning of "within the scope" and traditional rules of non-liability, for malicious acts of employees. Id., citing Commercial Business Systems, 453 S.E.2d at 266 ("The courts. . . have long since departed from the rule of non-liability of an employer for wilful or malicious act of his employee."). Plummer and Commercial Business Systems instead focus on whether the acts occur while the employee is performing the duties of his employment. Id.
>
> In the case before the court, facts have been alleged that indicate that the harassment may have occurred while the individual defendants were performing their duties as managers. In fact, part of the efficacy of the alleged harassment derived from the employment duties of Rinker, Campbell, and Ms. Young (such as the rewrapping of pornographic magazines, the cleaning of the bathrooms, the various touching while accessing the safe). Therefore, following Plummer and in agreement with this own court's recent opinion in Kidwell v. Sheetz, 1997 U.S. Dist. LEXIS 10147, 1997 WL 399233 (W.D. Va. Jul. 10, 1997), this court denies the defendants Sheetz's and Fox Mountain's motion for summary judgment on the claim of assault and battery on the grounds that whether the acts occurred within the scope of employment is a question of fact to be determined by a fact finder.

Id. at 503-04; *see also* Heckenlaible v. Va. Peninsula Reg'l Jail Auth., 491 F. Supp. 2d 544, 556 (E.D. Va. 2007) (finding that claims of assault and battery survived on theory of *respondeat superior*); Barrett v. Applied Radiant Energy Corp., 240 F.3d 262, 270 (4th Cir. 2001) (remanding assault and battery claim in light of Virginia precedent on *respondeat superior*); Oakes v. Patterson, 2014 U.S. Dist. LEXIS 54596, at *22 (W.D. Va. Apr. 17, 2014) (denying motion to dismiss assault and battery claim pursuant to doctrine of *respondeat superior*); Dixon v. State Farm Fire & Cas. Ins. Co., 1995 U.S. Dist. LEXIS 21198, at *29 (E.D. Va. May 22,

14

1995) (finding that *respondeat superior* would have applied to hold the employer liable had plaintiff stated a claim for battery); Thompson v. Town of Front Royal, 117 F. Supp. 2d 522, 531 (W.D. Va. 2000) (denying motion for summary judgment on assault and battery claim pursuant to doctrine of *respondeat superior*).

The same result should obtain here.

WHEREFORE, plaintiff Carla Clehm (formerly Blankenship) requests entry of an order denying defendant BAE Systems Ordnance Systems, Inc.'s motion to dismiss.

>Respectfully submitted,
>
>CARLA A. CLEHM (formerly Blankenship)
>
>By  */s/ Terry N. Grimes*
>     Of Counsel

Terry N. Grimes, Esquire (VSB #24127)
Brittany M. Haddox, Esquire (VSB #86416)
TERRY N. GRIMES, ESQ., P.C.
320 Elm Avenue, S.W.
Roanoke, Virginia 24016
TELEPHONE: (540) 982-3711
FACSIMILE: (540) 345-6572
tgrimes@terryngrimes.com
bhaddox@terryngrimes.com
        Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system on April 1, 2016, a true and accurate copy was sent via the CM/ECF system to all counsel of record, and a true and accurate copy was mailed to defendant Joshua Linkous, c/o FCI Butner Low, Old North Carolina Highway 75, Butner, North Carolina 27509.

/s/ Terry N. Grimes<br>
Terry N. Grimes