IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CARLA A. CLEHM (formerly Blankenship), | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil No. 7:16-CV-0012 ) |
| BAE SYSTEMS ORDNANCE SYSTEMS, INC., | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT BAE SYSTEMS ORDNANCE SYSTEMS, INC.'S**
**REPLY MEMORANDUM IN SUPPORT OF ITS RULE 12(B)(6) MOTION TO DISMISS**

Plaintiff Carla Clehm ("Clehm") asserts in Count II of her Complaint a claim for assault and battery against defendants BAE Systems Ordnance Systems, Inc. ("BAE OSI") and Josh Linkous ("Linkous"). (Complaint ¶¶ 34-37). The Court should dismiss Count II as to BAE OSI because, as a matter of law, there is no basis for imposing *respondeat superior* liability upon BAE OSI on the facts alleged herein.

I.   **COUNT II SHOULD BE DISMISSED AS AGAINST BAE OSI IN ACCORDANCE WITH RULE 12(B)(6) BECAUSE THE DOCTRINE OF *RESPONDEAT SUPERIOR* IS INAPPLICABLE HEREIN AS A MATTER OF LAW**

The vile acts attributed to, and apparently admitted by, Linkous would be repugnant to the soul of any reader. No rational person within the broadest extremities of what our society deems normal, ordinary, or reasonable could conclude but that such conduct is utterly intolerable in any setting, at any time, and under any circumstances, much less a by a co-worker at a munitions factory during working hours. Plaintiff nonetheless suggests that it would be appropriate for a jury to consider whether the scope of Linkous's employment somehow conceivably embraced this conduct. While Plaintiff's counsel is generally correct in asserting

that the Virginia courts define scope of employment broadly at the initial pleading stage of litigation, Plaintiff's counsel cites a number of distinguishable cases where courts have refused to dismiss or grant summary judgment with regard to claims against employers.

The first case upon which Plaintiff's counsel relies heavily, *Richmond Newspapers v. Hazlewood*, 249 Va. 369, 457 S.E.2d 56 (1995) is entirely inapposite. In *Hazlewood,* the Supreme Court of Virginia determined that workplace "goosing" by a fellow employee did not arise out of his employment, and the exclusive remedy provision of the Virginia Workers Compensation Act ("VWCA"), Va. Code § 65.2-307 (formerly § 65.1-40) therefore did not bar the plaintiff's tort claims against his employer. *Id.* at 373, 457 S.E.2d at 58 ("If the assault is personal to the employee and not directed against him as an employee or because of his employment, the injury does not arise out of the employment.").

*Hazlewood* is distinguishable for two reasons. First, as the Eastern District of Virginia has observed, "The test for determining whether a tort was committed within the scope of the tortfeasor's employment as required for vicarious liability is distinct from the test for determining whether it arose out of the plaintiff's employment as required by the VWCA." *Balas v. Huntington Ingalls Indus.*, 2011 U.S. Dist. LEXIS 110138, at *31-33 (E.D. Va. 2011) (*comparing Gina Chin*, 537 S.E.2d at 577-78 (vicarious liability) *with Hazlewood*, 249 Va. 369, 457 S.E.2d 56, 58 (Va. 1995) (VWCA)), *aff'd*, 711 F.3d 401 (4th Cir. 2013). The court in *Hazlewood* did not address scope of employment for purposes of determining whether the doctrine of *respondeat superior* applied, instead confining its discussion and holding to the applicability of VWCA exclusivity.[1]

---

[1] Moreover, the defendant did not even raise the scope of employment issue at the demurrer stage, but instead relied on the VWCA exclusivity argument. *See Hazlewood v. Mabe*, 24 Va. Cir. 289, 290-91 (Richmond Cir. Ct., 1991).

Second, the plaintiff in Hazlewood asserted negligent hiring and negligent retention claims directly against the employer.[2] Those primary liability claims are distinguishable from the vicarious liability claim pursued herein against BAE OSI. The Supreme Court of Virginia has explained this distinction in the context of a negligent hiring claim, as follows:

> The tort of negligent hiring is distinct from tort liability predicated upon the doctrine of *respondeat superior*; the two theories differ in focus. *J… v. Victory Tabernacle Baptist Church*, 236 Va. 206, 211, 372 S.E.2d 391, 394 (1988). Under the latter, an employer is vicariously liable for an employee's acts committed within the scope of employment. In contrast, the tort of negligent hiring is a doctrine of primary liability; the employer is principally liable for placing an unfit individual in an employment situation that involves an unreasonable risk of harm to others. Negligent hiring enables a plaintiff to recover in circumstances when *respondeat superior's* "scope of employment" limitation protects employers from liability. *Id.*

*Interim Pers. of Cent. Va. v. Messer*, 263 Va. 435, 440-41 (2002).

Aside from *Hazlewood*, the other cases cited in opposition to this motion involved the commission of a tortious act while the employee was engaged in the service for which the employee actually was employed. *See, e.g., Gina Chin & Assocs., Inc. v. First Union Bank*, 260 Va. 533, 545, 537 S.E.2d 573, 579 (2000) (bank teller participating in criminal scheme to accept forged checks for deposit "was performing a normal function of a bank teller in accepting checks for deposit"); *Majorana v. Crown Cent. Petroleum Corp.*, 260 Va. 521, 527, 539 S.E.2d 426, 429 (2000) (gas station employee sexually assaulted customer while she was attempting to purchase her gas from employee); *Plummer v. Ctr. Psychiatrists, Ltd.*, 252 Va. 233, 237, 476 S.E.2d 172, 174-75 (1996) (psychologist had sex with his patient while he was in the course of providing her with counseling for suicide ideation and depression); *Commercial Business Sys. v. BellSouth*

---

[2] The plaintiff apparently pursued a claim of assault and battery, as well, but there is no discussion of that claim or the doctrine of *respondeat superior* in the court's decision. As below on demurrer, the sole question for the court was "whether an employee's claim against his employer, asserted in a common law action for injury resulting from goosing by a fellow employee is barred by the exclusivity provision of . . . the [VWCA]. Id. at 370, 457 S.E.2d at 57.

3

*Servs.*, 249 Va. 39, 46, 453 S.E.2d 261, 266 (1995) (employee solicited and collected bribes from vendors while performing duties as contract administrator and "in the execution of the services for which he was employed"); *Young v. Sheetz, Inc.*, 987 F.Supp. 496, 503-04 (W.D.Va. 1997) ("[F]acts have been alleged that indicate that the harassment may have occurred while the individual defendants were performing their duties as managers"[3]).

For example, in *Plummer*, the Supreme Court of Virginia considered whether an employer could be held vicariously liable for the acts of a psychologist who allegedly overcame the will of a patient and had sexual intercourse with her during a therapy session. *Plummer*, 252 Va. at 234-34, 476 S.E.2d at 173. The Supreme Court reversed a demurrer, explaining that the psychologist's act was committed while "he was performing his duties as a psychologist in the execution of the services for which he was employed, in this instance, counseling and therapy" and (2) the psychologist's education, experience and knowledge of the plaintiff allegedly enabled him to commit the wrongful act. *Id.*

A further example of this type of scenario is *Gulf Underwriters Insurance Co. v. KSI Services, Inc.*, 416 F. Supp. 2d 417 (E.D. Va. 2006), where the U.S. District Court for the Eastern District of Virginia applied Virginia law in considering whether a bookkeeper acted within the scope of employment when she embezzled money. *Id.* at 423-24. In answering this question in the affirmative, the court reasoned that the bookkeeper "used the access and authority inherent in her office to accomplish her embezzlement scheme." *Id.*

Plaintiff's counsel all but suggests that no *respondeat superior* claim is so extreme that it may be dismissed at the outset of litigation. Importantly, however, the Supreme Court of Virginia disagrees. If the Supreme Court of Virginia had intended to preclude the dismissal without exception of every *respondeat superior* liability claim involving any type of conduct, it

---

[3] There is no allegation herein, nor could there be, that Linkous supervised Clehm.

4

assuredly could have done so. Instead, the Supreme Court of Virginia has acknowledged that certain conduct is so extreme and deviant as to be outside the province of the jury and appropriate for dismissal:

> We emphasize that the employee's improper motive is not irrelevant to the issue whether the act was within the scope of employment. Rather it is merely a factor to be considered in making that determination, and, *unless the deviation from the employer's business is slight on the one hand, or marked and unusual on the other, but falls instead between those two extremes, the question is for the jury.*

*Id.* (emphasis added).

The Supreme Court of Virginia thus sanctions the dismissal of claims involving extremely deviant workplace behavior. Any suggestion that Plaintiff's allegations do not represent a "marked and unusual" deviation from any employer's business would render the Supreme Court's words utterly meaningless.

The only aspect of the allegations that bears any connection to the business of BAE OSI is the location and timing of the conduct. Numerous cases from the Fourth Circuit, this Court and other courts within this Circuit involving workplace sexual assaults confirm that the mere fact that Linkous' alleged conduct occurred during work hours and on BAE OSI premises is not enough to impose *respondeat superior* liability. *See Blair v. Defender Servs., Inc.*, 386 F.3d 623, 624-26 (4th Cir. 2004) (assault of student by janitor "was so great a deviation from [the employer's] business that the District Court correctly granted [the employer's] motion for summary judgment on the *respondeat superior* liability claim as a matter of law"); *Henderson v. White's Truck Stop, Inc.*, 2011 U.S. Dist. LEXIS 46121, at *25-27 (W.D.Va. 2011) (granting summary judgment on sexual assault and battery *respondeat superior* claim because truck washer who assaulted cashier at truck stop "was executing no job functions while passing time in the travel store" and "the simple fact that an employee is at a particular location at a specific time

as a result of his employment is not sufficient to impose *respondeat superior* liability on the employer"); *Meade v. Johnston Mem'l Hosp.*, 2010 U.S. Dist. LEXIS 91468, at *7 (W.D.Va. 2010) ("It is clear on any interpretation that [the pattern of workplace sexual batteries] constituted an independent act that grossly deviated from [his] workplace duties and functions as a registered nurse."); *Jones v. Tyson Foods, Inc.*, 378 F. Supp. 2d 705, 713 (E.D. Va. 2004) (employer not liable under *respondeat superior* theory where harassment, though it occurred in the workplace, did not occur while the supervisor was engaged in his workplace duties or functions).

As this Court correctly observed in a case involving very similar facts, "these cases establish that the tortious acts giving rise to the employer's liability must occur in connection with the exercise of specific workplace duties or functions." *White's Truck Stop, Inc.*, 2011 U.S. Dist. LEXIS 46121, at *28. There are no allegations in this case that satisfy this standard. The *only* connection between Linkous' conduct and BAE OSI merely was time and place. "*Respondeat superior* liability may not, however, be imposed 'solely on allegations that the harassment took place at the work place and during work hours.'" *White's Truck Stop, Inc.*, 2011 U.S. Dist. LEXIS 46121, at *29 (*quoting Tyson Foods,* 378 F.Supp.2d at 713); *see also Blair,* 386 F.3d at 627 ("[T]he simple fact that an employee is at a particular location at a specific time as a result of his employment is not sufficient to impose respondeat superior liability on the employer.").

In the final analysis, this Court in *White's Truck Stop, Inc.* rejected Plaintiff's counsel's identical arguments on very similar facts that Plaintiff's counsel now pursues in cut and paste fashion herein. *Compare White's Truck Stop, Inc.*, Case No. 6:08-cv-42 (W.D.Va, Lynchburg Div.), Dkt. 11, at 8-16 *with* Plaintiff's Mem. in Opp. herein at 2-12 (repeating nearly word-for-

word the identical argument). Those arguments are no more persuasive in this case than they were in *White's Truck Stop,* and should be rejected for the same reasons.

## II. CONCLUSION

Linkous' conduct "constituted an independent act that grossly deviated from [his] workplace duties and functions." *Meade*, 2010 U.S. Dist. LEXIS 91468, at *11. Accordingly, there is no basis for holding BAE OSI liable for Linkous' actions on a claim of *respondeat superior* liability, and Count II should be dismissed as against BAE OSI.

> WOODS ROGERS PLC
>
> /s/ Thomas M. Winn, III
> Victor O. Cardwell, Esq. (VSB #27747)
> **cardwell@woodsrogers.com**
> Thomas M. Winn, III, Esq. (VSB #35758)
> **winn@woodsrogers.com**
> P.O. Box 14125
> 10 South Jefferson Street, Suite 1400
> Roanoke, Virginia 24038-4125
> Telephone: (540) 983-7600
> Facsimile: (540) 983-7711
>
> *Counsel for Defendant BAE Systems Ordnance Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April, 2016 a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and that a true and accurate copy of the foregoing was sent via the CM/ECF system to the following participant:

>Terry N. Grimes, Esquire
>TERRY N. GRIMES, ESQ. P.C.
>320 Elm Avenue, SW
>Roanoke, Virginia 24016

    /s/  Thomas M. Winn, III