IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CARLA A. CLEHM (formerly Blankenship), | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | Civil No. 7:16-CV-0012 |
| BAE SYSTEMS ORDNANCE SYSTEMS, INC., | | |
| Defendant. | | |

**DEFENDANT BAE SYSTEMS ORDNANCE SYSTEMS, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

Defendant BAE Systems Ordnance Systems, Inc., ("BAE OSI" or "defendant"), by counsel, hereby files its opposition to plaintiff's Motion For Leave to File Amended Complaint. Plaintiff's motion should be denied to the extent it seeks in Count II of the proposed Amended Complaint to reassert an assault and battery claim against BAE. Any such amendment would be futile because plaintiff's assault and battery claim against BAE OSI should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons stated in BAE OSI's motion to dismiss and accompanying memoranda, which are incorporated herein by reference.

**I.    PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT SHOULD BE DENIED TO THE EXTENT IT ATTEMPTS TO REASSERT IN COUNT II AN ASSAULT AND BATTERY CLAIM AGAINST BAE OSI THAT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)**

While Fed. R. Civ. P. 15(a) provides that the Court should "freely give leave [to amend] when justice so requires," leave to amend is "not to be granted automatically." *Deasy v. Hill*, 833 F.2d 38 (4th Cir. 1987). The decision to grant or to deny leave to amend falls within the sound discretion of the Court. *Id*. In *Forman v. Davis*, the Supreme Court of the United States noted that leave to amend may be denied when an amendment would be futile. 371 U.S. 178,

182 (1962); *see also Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (denial of leave to amend appropriate when "amendment would have been futile."); *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (denial of leave to amend proper when "the amendment would be futile).

Count II of plaintiff's proposed Amended Complaint seeks to reassert the same assault and battery claim against BAE OSI that is subject to dismissal under Fed. R. Civ. P. 12(b)(6) for the reasons stated in BAE OSI's motion to dismiss and supporting memoranda. Accordingly, an amendment seeking to reassert an unavailable assault and battery claim would be futile. Consequently, plaintiff's Motion to Amend should be denied as against BAE OSI with regard to Count II because such amendment would be futile.

## II. CONCLUSION

For the foregoing reasons, plaintiff's motion should be denied insofar as it seeks to assert an assault and battery claim against BAE.

    WOODS ROGERS PLC

    /s/ Victor O. Cardwell
    Victor O. Cardwell, Esq. (VSB #27747)
    cardwell@woodsrogers.com
    Thomas M. Winn, III, Esq. (VSB #35758)
    winn@woodsrogers.com
    P.O. Box 14125
    10 South Jefferson Street, Suite 1400
    Roanoke, Virginia 24038-4125
    Telephone: (540) 983-7600
    Facsimile: (540) 983-7711

    *Counsel for Defendant BAE Systems Ordnance Systems, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of June, 2016 a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and that a true and accurate copy of the foregoing was sent via the CM/ECF system to the following participant:

>Terry N. Grimes, Esquire
>TERRY N. GRIMES, ESQ. P.C.
>320 Elm Avenue, SW
>Roanoke, Virginia 24016
>>*Counsel for Plaintiff*

and

>Thomas E. Strelka, Esquire
>119 Norfolk Ave., SW
>Suite 330
>Roanoke, Virginia 24011
>>*Guardian ad litem for Defendant, Joshua Linkous*

/s/   Victor O. Cardwell