# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| CARLA A. CLEHM (formerly Blankenship), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:16-cv-00012 |
| | ) | |
| BAE SYSTEMS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendant, BAE Systems, Inc., moved the court to place exhibit 6 to plaintiff, Carla A. Clehm's, second motion to compel discovery, enlarge time to complete discovery, and continue trial, under permanent seal. Dkt. No. 120. BAE states that exhibit 6 contains "information and documents from confidential personnel materials regarding BAE and OSI employees who are not parties to the case." BAE further states that Clehm does not object to placing exhibit 6 under seal because the Agreed Protective Order between the parties provides that documents, such as exhibit 6, labeled HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY would not be publicly accessible beyond the court and counsel. Having reviewed the motion, it is hereby ORDERED that BAE's motion is GRANTED IN PART AND DENIED IN PART as set forth below.

## I

Local Rule 9 requires that a party seeking to seal documents provide the court with "the non-confidential reasons why sealing is necessary, including the reasons why alternatives to sealing are inadequate." W.D. Va. Gen. R. 9. In its motion to seal, BAE seeks to permanently seal exhibit 6 in its entirety, asserting that it is an internal personnel document regarding BAE's investigation of a workplace issue "completely unrelated to the events of this case." D's Mot. at

3, Dkt. No. 120. BAE maintains that none of the employees interviewed or investigated due to the events referred to in exhibit 6 are parties to this case, and that allowing the public to access the documents would subject those employees to embarrassment. Finally, BAE maintains that no alternative to sealing would adequately protect the privacy of BAE or the BAE non-party employees.

The common law presumes a right to inspect and copy judicial records and documents. In Re U.S. for an Order Pursuant to 18 U.S.C. 2703(D), 707 F.3d 283, 290 (4th Cir. 2013). This common law presumption of access may be overcome if competing interests outweigh the interest in access. See id.; Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988) ("The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."); In re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986); see also Doe v. Pub. Citizen, 749 F.3d 246, 266 (4th Cir. 2014) (quoting Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178 (4th Cir. 1988)) (holding that the court should abrogate the right of public access to judicial documents only in "unusual circumstances").

Exhibit 6 is filed with a non-dispositive motion to compel, enlarge time for discovery, and continue trial, thus the common law presumption in favor of access likely applies to these documents.[1] See Covington v. Semones, 7:06 CV 00614, 2007 WL 1170644, at *2 (W.D. Va. Apr. 17, 2007) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

---

[1] In contrast, the First Amendment provides a "more rigorous" standard, which applies only to certain judicial records and documents, including documents "made part of a dispositive motion" in a civil case. Va. Dep't of State Police v. Washington Post, 386 F.3d 567, 576 (4th Cir. 2004) (citing Rushford, 846 F.2d at 253). If a court record is subject to the First Amendment right of public access, the record may be sealed "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." Stone, 855 F.2d at 180 (citing Press–Enterprise Co. v. Super. Court, 464 U.S. 501, 510 (1984)).

2

Additionally, a court must comply with certain procedural requirements when presented with a request to seal judicial records or documents. Va. Dep't of State Police, 386 F.3d at 576. The court must first give public notice of the request to seal and a reasonable opportunity to challenge it. Id. The court must also consider less drastic alternatives to sealing. If the court decides to seal, it must state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing. Id.

The docketing of BAE's motion to seal satisfies the "public notice" element of the procedural portion of the Fourth Circuit's sealing standard.[2] See Stone, 855 F.2d at 181. The "public opportunity to challenge" requirement is met when the court allows sufficient time for objections to be made. See Erichsen v. RBC Capital Mkts. LLC, 883 F. Supp. 2d 562, 575 (E.D.N.C. 2012); Honeycutt v. City of Rockingham, North Carolina, No. 1:09cv912, 2012 WL 360027 at *1 (M.D.N.C. Feb. 2, 2012).

## II

BAE's motion to seal is insufficient to overcome the common law right of access so as to justify permanent sealing of exhibit 6 in its entirety. BAE has not shown the "unusual circumstances" required to abrogate the right of public access, nor has it shown that its interest in sealing heavily outweighs the public's interest in access. See Pub. Citizen, 749 F.3d 246 at 265–66 (noting that public access promotes public monitoring of the courts and the integrity of the judiciary)(citations omitted). I recognize that the documents at issue contain sensitive personnel materials of non-parties; however, I find that redacting employee names and other identifiers adequately protects those employees.

_____

[2] Additionally, an oral order temporarily sealing Clehm's second motion to compel discovery, extend time to complete discovery, and continue trial was docketed on March 10, 2017, advising counsel to file a motion to seal within seven days. (Dkt. No. 116).

BAE cites to Reyazuddin v. Montgomery Cty., Md. 7 F. Supp. 3d 526, 560 (D. Md. 2014), aff'd in part, rev'd in part and remanded sub nom. Reyazuddin v. Montgomery Cty., Maryland, 789 F.3d 407 (4th Cir. 2015) and Brown v. Siemens Healthcare Diagnostics, Inc. No. CIV.A. DKC 11-0769, 2012 WL 3136457, at *12 (D. Md. July 31, 2012) as support for its claim that courts have "repeatedly recognized that personnel records of non-parties" are appropriately placed under seal. In Reyazuddin, 7 F. Supp. 3d at 560, the court noted that the documents included applicants' ratings, resumes, and offers of employment, while in Brown the court referenced "sensitive information—such as birthdates, salaries, and background information—about non-parties." In contrast, the documents here do not contain this type of common employee information; rather, Clehm argues in her motion to compel discovery that the information contained in exhibit 6 offers evidence of a sexually hostile workplace, which is relevant to the claims alleged in the lawsuit. Further, the information contained in exhibit 6 is discussed at length and in detail in Clehm's motion – which BAE does not seek to seal. See Brown, 2012 WL 3136457, at *12 (noting that because information contained is discussed in the parties memoranda as well as other exhibits, "sealing these underlying documents would, therefore, serve no purpose"); see also Butler v. DirectSAT USA, LLC, 876 F. Supp. 2d 560, 577 (D. Md. 2012).  However, redacting employee names and other identifiers, including their particular work locations within the facility, from exhibit 6 achieves the relief sought by BAE in its motion; namely, to avoid embarrassment and protect the privacy of the referenced employees.

Finally, the mere fact that documents have been designated as confidential in discovery pursuant to a protective order is not sufficient to justify the sealing of those documents when submitted to the court in conjunction with a motion. See Rushford, 846 F.2d at 252 (finding that the protective order was entered to facilitate pre-trial discovery, and noting that "such discovery,

4

which is ordinarily conducted in private, stands on a wholly different footing than does a motion filed by a party seeking action by the court"); Butler v. DirectSAT USA, LLC, 876 F. Supp. 2d 560, 576 n. 18 (D. Md. 2012); Waterkeeper Alliance, Inc. v. Alan & Kristin Hudson Farm, 278 F.R.D. 136, 140–42 (D. Md. 2011).

Indeed, the protective order attached to BAE's motion to seal does not mandate that information or documents designated "Confidential" or even "Highly confidential – attorneys' eyes only" must be sealed by the court.[3] The protective order states:

> Nothing in this Order shall be construed as permitting the prospective filing of documents under seal. Any party seeking to file any papers designated as "Confidential" under seal must comply with [Local Rule 9].

Ex. 1 to Motion to Seal, Dkt. No. 120-1.

### III

Accordingly, I find that the documents at issue contain sensitive personal information about third parties, and that this privacy concern can be balanced with protecting the public's interest in access to judicial documents by permitting certain redactions. Accordingly, I **ORDER** as follows:

(1) Exhibit 6 to Clehm's second motion to compel discovery, enlarge time to complete discovery, and continue trial, (Dkt. No. 113-6) shall be placed under seal. The remainder of Clehm's motion (Dkt. No. 113), which had been placed under temporary seal by oral order, shall be unsealed.

(2) BAE is **DIRECTED** to re-file exhibit 6 with employee names and any other identifiers, including the employees' work locations within the facility, redacted, within 14 days from the entry of this order. If BAE fails to timely re-file exhibit 6

---

[3] The protective order attached as exhibit 1 is unsigned, and it does not appear that it has been entered by the court.

with redactions, exhibit 6 may be unsealed by the court.


Entered:  March 21, 2017

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge