# IN THE
# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CARLA A. CLEHM (formerly Blankenship),** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 7:16-cv-00012 |
| ) | |
| **BAE SYSTEMS, INC.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Plaintiff Carla A. Clehm moves for an order compelling discovery (Dkt. No. 113), to which defendants object.[1] This dispute centers around a document the plaintiff has termed "document X" which described problems BAE employee Flo Bishop had related to other employees' purported sexual activities at work. Plaintiff wants to conduct additional discovery, including depositions, related to BAE's knowledge and investigation of the issues raised in the document. In support, plaintiff argues that evidence that employees, including members of management, were engaging in sexual activity at work supports their claim of a hostile work environment and shows a dysfunctional sexual harassment policy. Plaintiff contends that this is "sufficient to impose liability upon BAE for sexual harassment." Pl's. Reply at 2, Dkt. 131. Defendant BAE characterizes document X as a "sideshow issue." Defendant BAE maintains that plaintiff was already generally aware of the supposed consensual sexual conduct described in document X from the start of this litigation, and emphasizes that the author, Flo Bishop, testified that she did not feel sexually harassed due to the activities described in document X. Rather,

---

[1] In Dkt. No. 113, plaintiff also moved to continue the trial date in this case, which I granted, setting the new trial date for August 28-September 1, 2017, and re-setting all applicable deadlines based on the new trial date. See Dkt. No. 118.

1

Bishop felt that the actions described in her letter affected her and others' ability to do their jobs properly. D's Resp., Dkt. 126 at 5.

Plaintiff has narrowed her discovery requests related to document X to ask for the "cell phone numbers and carrie[r]s for the individuals involved in the sex ring" so that plaintiff can subpoena cell phone records. Plaintiff asserts she would use this information to verify whether the "sex ring" existed. Plaintiff also seeks an ESI search of defendant BAE's computer to determine whether relevant documents have been withheld. Plaintiff seeks a second deposition of BAE human resources employees Matt Linkous and Susanna Worrel because these individuals investigated the allegations in document X. Plaintiff also wants to depose Walker Suthers related to his investigation of the allegations in document X, as well as Virginia Robinson, who is named in document X. Additionally, plaintiff seeks an order requiring defendant BAE to provide "sufficient answers to plaintiff's discovery requests concerning this issue, including . . . a response as to why document [X] was not previously provided . . ." and "complete investigation documents concerning the matter and/or permit additional discovery . . . ." Pl's. Reply at 7–8, Dkt. 131.

To establish a hostile work environment claim, plaintiff must show that she was subjected to conduct that was: (1) unwelcome; (2) based on her gender; (3) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment; and (4) imputable to her employer. Stewart v. MTR Gaming Grp., Inc., 581 F. App'x 245, 247 (4th Cir. 2014) citing Okoli v. City of Baltimore, 648 F.3d 216, 220 (4th Cir. 2011). As I understand from her brief, Plaintiff aims to use document X and related evidence to impute liability to BAE for her hostile work environment claim, set forth in Count I of her Second Amended Complaint. See Dkt. No. 59, at 9. When a plaintiff's claim is based on the conduct of a co-worker, the employer

is liable "only if it was negligent in controlling working conditions." McKinley v. Salvation Army, 192 F. Supp. 3d 678, 687–88 (W.D. Va. 2016), aff'd sub nom. McKinley v. The Salvation Army, No. 16-2016, 2017 WL 1382547 (4th Cir. Apr. 18, 2017) quoting Vance v. Ball State Univ., __U.S.__, 133 S.Ct. 2434, 2439, 186 L.Ed.2d 565 (2013). Thus, I grant such portions of plaintiff's motion to compel that are relevant and proportional to the claims and defenses in this action. See Federal Rule of Civil Procedure 26(b).

Plaintiff's second motion to compel discovery (Dkt. No. 113) is GRANTED in part and DENIED in part and I hereby **ORDER** as follows:

(1) Plaintiff's request for cell phone numbers and carriers is DENIED.

(2) Plaintiff's request for an ESI search of defendant BAE's computers is DENIED. However, I note that Federal Rule of Civil Procedure 26(e) places a continuing duty on all parties to timely supplement discovery responses.

(3) Plaintiff's request for a second deposition of Matt Linkous and Susan Worrell limited to issues related to document X is GRANTED. Plaintiff's request to depose Walker Suthers is also GRANTED. However, plaintiff's request to depose Virginia Robinson is DENIED.

(4) Plaintiff's request that defendant BAE provide "sufficient answers to plaintiff's discovery requests" is DENIED. However, I note that document X is relevant for discovery purposes and BAE has a continuing duty to supplement discovery responses under FRCP 26(d).

(5) Plaintiff's request that defendant BAE provide all the investigation documents concerning the matters in document X is GRANTED and BAE shall produce, or affirm that is has already produced, all non-privileged documents regarding its

3

investigation of document X, and BAE shall identify, or affirm that it has already identified, all withheld documents on a proper privilege log.

Entered: May 3, 2017

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge