CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 06 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CARLA A. CLEHM                )
                              )
            Plaintiff,        )   Case No. 7:16-cv-00012
                              )
v.                            )
                              )
BAE SYSTEMS ORDNANCE          )   By:  Hon. Michael F. Urbanski
SYSTEMS, INC., et al.         )   Chief United States District Judge
                              )
            Defendants.       )

## MEMORANDUM OPINION

All that remains of this employment case is a single, state law claim of assault and battery (Count II) against incarcerated defendant Joshua Linkous, who is proceeding pro se. The court has retained jurisdiction over this claim and, by order entered February 9, 2018, required Linkous to formally respond to Count II of the Second Amended Complaint. Linkous did so by filing a motion to dismiss, which the court received on March 12, 2018.[1] Linkous argues that Count II should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because Title VII does not give rise to individual liability and because the court already awarded plaintiff Carla Clehm restitution in connection with Linkous's related criminal proceedings. Count II is not a Title VII claim, however, and the previous restitution order does not bar recovery in this civil case. Accordingly, Linkous's motion will be **DENIED** and this matter will be set down for further proceedings.

---

[1] This motion was filed three days after the court's stated deadline of March 9, 2018. It is dated March 8, 2018, however, and given the fact that Linkous is incarcerated, it is timely filed under the prison mailbox rule.

## I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal when a plaintiff fails "to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

In ruling on a motion to dismiss, a court must view the claims in the light most favorable to the non-moving party, and all allegations are accepted as true. See Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## II.

Linkous argues this case should be dismissed because Title VII does not give rise to individual liability. To be sure, Clehm's Second Amended Complaint alleged claims of sex discrimination and harassment and retaliation pursuant to Title VII of the Civil Rights Act of 1964. But Clehm asserted those claims only against defendant BAE Systems Ordnance Systems, Inc., Linkous's employer, and they were dismissed by Memorandum Opinion and Order entered December 4, 2017. There is no Title VII claim asserted against Linkous individually, nor is there any Title VII claim left pending in this case. Linkous's argument is inapposite.

Linkous also argues the court should dismiss Count II against him because he pled guilty to the relevant conduct in a related federal criminal proceeding, and the court ordered him to pay Clehm restitution in that case. Clehm contends this is a fact outside of the pleadings that the court cannot consider at the Rule 12(b)(6) stage of these proceedings.

Ordinarily, when evaluating a motion to dismiss, the court may consider only the complaint and documents incorporated into it. Braun v. Maynard, 652 F.3d 557, 560 n.1 (4th Cir. 2011); see Fed. R. Civ. P. 12(d) (if matters outside the pleadings are presented to the court, the motion must be treated as one for summary judgment). There are narrow exceptions to this rule, one of which is for documents and facts subject to judicial notice. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 323 (2007); Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 466 (4th Cir. 2011). The criminal indictment against Linkous, his change of plea hearing, and the sentencing hearing are all matters of public record of which the court can take judicial notice. Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2010) ("In reviewing the dismissal of a complaint under Rule 12(b)(6), we may properly take judicial notice of matters of public record."). Further, Clehm relied on these criminal proceedings—specifically, Linkous's indictment, plea of guilty, sentencing, and agreed statement of facts—in her Second Amended Complaint. ECF No. 59, at ¶¶ 23-26.

In any event, Linkous's argument fails. The imposition of restitution "is not a civil affair; it is a criminal penalty meant to have deterrent and rehabilitative effects." United States v. Savoie, 985 F.2d 612, 619 (1st Cir. 1993) (citing Kelly v. Robinson, 479 U.S. 36, 49 n.10 (1986)). Linkous pled guilty to one count of aggravated sexual abuse in violation of 18

3

U.S.C. § 2241(a) and two counts of abusive sexual contact in violation of 18 U.S.C. § 2244(a)(1). Restitution for these offenses is mandatory. See generally 18 U.S.C. § 2248. Following a separate restitution hearing, the court ordered Linkous to pay $38,315.32 in restitution to Clehm. Am. J., Case No. 7:15CR000016, ECF No. 88. At the time the amended judgment was entered in Linkous's criminal case, Clehm had filed the instant civil action. The amended judgment specifically accounted for any civil recovery by Clehm. The court delayed payment of restitution until 60 days following resolution of this civil matter and offset the total restitution by any amount recovered by Clehm as compensatory damages. Id.

This is consistent with the requirements of 18 U.S.C. § 3664(j)(2)(A), the statute governing enforcement of restitution. Section 3664(j)(2) provides that any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in any federal civil proceeding. See also id. § 2248(b)(2) (orders of restitution under this section shall be issued and enforced in accordance with § 3664 in the same manner as an order under § 3663A). Plainly, Congress contemplated these exact circumstances— where a victim of a crime who receives restitution later files a civil action—and put appropriate procedures in place to ensure the victim does not receive a double recovery for the same loss through both a restitution order and a civil judgment. The order of restitution previously entered in Linkous's criminal case does not bar this civil claim. See, e.g., Doe v. Hesketh, 828 F.3d 159 (3d Cir. 2016) (holding victim could bring civil claim under 18 U.S.C. § 2255 for the violation of a predicate statute even where victim previously received criminal restitution for the same violation of that statute for her

4

purported full damages, subject to the offset under § 3664(j)(2)); see also United States v. Louper-Morris, 672 F.3d 539 (8th Cir. 2012) (court did not improperly award restitution to K-Mart despite the fact it was receiving compensation through civil settlement, where restitution was mandatory and K-Mart had yet to receive any payments in satisfaction of civil judgment, thus there was no double recovery). Accordingly, Linkous's motion to dismiss will be denied.

### III.

Linkous does not appear to contest liability as to Count II,[2] nor can he. Section 3664(*l*) of Title 18 of the United States Code provides that a "conviction for an offense involving the act giving rise to an order of restitution shall estop the defendant from denying the essential allegations of that offense in any subsequent Federal civil proceeding or State civil proceeding, to the extent consistent with State law, brought by the victim." Linkous's plea of guilty and conviction for abusive sexual contact of Clehm, in violation of 18 U.S.C. § 2244(a)(1), estops him from denying liability as to assault and battery of Clehm in this civil action. As such, judgment will be entered in Clehm's favor as to Count II, and this case will be set down for a jury trial as to damages **only**.

An appropriate Order will be entered.

Entered: April ⌒, 2018

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge

---

[2] In an Answer filed May 6, 2016 as to plaintiff's original Complaint, Linkous admitted that he committed assault and battery in violation of Virginia common law but denied Clehm suffered damages as a result. See ECF No. 23.