IN THE
UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CARLA A. CLEHM (formerly Blankenship),** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | Civil Action No. 7:16-cv-00012 |
| ) | |
| **BAE SYSTEMS, INC.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

In this Title VII action, Defendant BAE Ordnance Systems, Inc. ("BAE") seeks attorneys' fees and costs following its successful motion for summary judgment against Plaintiff Carla A. Clehm ("Clehm"). These issues are fully briefed and the parties have not requested a hearing. Having considered the record, the legal arguments submitted and the applicable law and pursuant to 28 U.S.C. § 636(b)(1)(B), I **RECOMMEND** that BAE's motion for attorneys' fees be **DENIED** and its motion for costs be **GRANTED IN PART**.

I.

A.

Clehm filed suit against BAE and Joshua Linkous ("Linkous")[1] under Title VII of the Civil Rights Act of 1964. Dkt. No. 1. Count II of Clehm's complaint alleged that BAE was "vicariously liable under the doctrine of *respondeat superior*" for Linkous' assault and battery. Id. On March 25, 2016, BAE moved to dismiss Count II for failure to state a claim. Dkt. No. 15. On July 22, 2016, the court granted BAE's motion to dismiss Count II but permitted Clehm to amend her complaint adding a separate claim for retaliation. Dkt. Nos. 32 & 33.

---

[1] On October 13, 2015, Linkous was sentenced to 14 years of incarceration after pleading guilty to sexual assault and battery of Clehm and other female coworkers. Dkt. No. 168 at 2, n.3.

1

On December 16, 2016, the court allowed Clehm to amend her complaint and reallege Count II, but cautioned Plaintiff against filing an amended complaint without adequate factual foundation:

> With respect to Count II [the assault and battery claim] and the negligent hiring claim asserted in Count IV of the second amended complaint, if there is no factual support for these claims such that they do not survive summary judgment, the court will entertain a Rule 11 motion for sanctions by BAE and consider awarding BAE's attorneys' fees and costs incurred in defending Count II and the negligent hiring claim.

Dkt. No. 58 at 2.

Count II of the second amended complaint identically matched the original complaint's Count II, but included two additional conclusory factual allegations in support of Clehm's claim for *respondeat superior* liability against BAE. Dkt. No. 59 at ¶¶ 48–51; Dkt. No. 1 at ¶¶ 34–37. Specifically, Clehm alleged, "[A]t the time [Joshua] Linkous approached her, he was making his rounds and performing his managerial duties." Dkt. No. 59 at ¶ 11. Clehm added the same factual allegation later in the complaint. Id. at ¶ 16.

On December 4, 2017, the court granted BAE's motion for summary judgment on all claims and dismissed it as a party to Clehm's suit. Dkt. No. 169. BAE filed the present motion for attorney's fees and costs on December 26, 2017. Dkt. No. 175.

**B.**

BAE asserts that it is entitled to attorneys' fees because Clehm's "failure to voluntarily dismiss her previously dismissed assault and battery claim against [BAE] multiplied the proceedings in the present case unreasonably and vexatiously." Dkt. No. 177 at 5. BAE reasons that "[Clehm] had clear notice from the Court about the potential consequences of her decision to take a second leave to amend, and understood the factual development she needed to survive summary judgment. . . . Her decision to pursue her Count II was therefore objectively

2

unreasonable and vexatious." Dkt. No. 181 at 4. BAE seeks $26,006.42 in attorneys' fees incurred defending Count II of Clehm's amended complaint. Id. at 2; Ex. A.  BAE also asks the court to award $8,899.22 in costs it incurred defending Clehm's lawsuit, including expenses for depositions, copying and printing, copying medical records, and scientific testing. Id. at 2; Ex. A, Dkt. No. 175. BAE asserts that, "[t]his Court has repeatedly recognized the presumption of awarding costs to the prevailing party upon summary judgment in similar cases." Dkt. No. 175 at 1.

Clehm objects to the award of attorneys' fees on many grounds and objects to the amount sought in costs.  Clehm asserts that "she cannot pay any costs," and that costs should not be awarded because "this case was a close, difficult case involving complex legal and factual issues." Dkt. No. 178 at 6. In the alternative, Clehm asks the court to reduce recoverable costs to $3,747.15. Id. at 5.

## II.

### A.

The Federal Rules of Civil Procedure state that "[a] claim for attorney's fees . . . must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). That motion must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award . . . ." Fed. R. Civ. P. 54(d)(2)(A)(ii). BAE seeks to recover its attorney's fees through each of the three avenues upon which a court may award fees based upon a party's conduct during litigation: 28 U.S.C. § 1927 for multiplying the litigation vexatiously, the court's inherent authority, and Federal Rule of Civil Procedure 11.

First, section § 1927 states that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"The unambiguous text of § 1927 aims only at attorneys who *multiply* proceedings." DeBauche v. Trani, 191 F.3d 499, 511 (4th Cir. 1999). Section 1927 does not operate like "Title VII's fee-shifting provision or the EAJA's mandatory fee provision . . . [it] is unconcerned with the merits of the lawsuit." E.E.O.C. v. Great Steaks, Inc., 667 F.3d 510, 522 (4th Cir. 2012) (citing Debauche v. Trani, 191 F.3d at 511). "'[A]n attorney who files a meritorious claim and wins a substantial verdict may still be assessed sanctions under § 1927,' and 'an attorney who files a meritless claim may not be sanctioned under § 1927 if he does not engage in such [abusive] conduct.'" Collins v. Dollar Tree Stores, Inc., No. 2:09cv486, 2010 WL 9499078, at *2 (E.D. Va. May 28, 2010) (quoting DeBauche v. Trani, 191 F.3d at 511).

Importantly, "section 1927 also requires a finding of counsel's bad faith as a precondition to the imposition of fees." Brubaker v. City of Richmond, 943 F.2d 1363, 1382 n.25 (4th Cir. 1991) (citing Blair v. Shenandoah Women's Ctr., Inc., 757 F.2d 1435 (4th Cir. 1985)). "Bad faith is shown where a litigant 'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order.'" Nasser v. WhitePages, Inc., 2014 WL 1323170, at *6 (W.D. Va. 2014) (quoting Gwynn v. Walker (In re Walker), 532 F.3d 1304, 1309 (11th Cir. 2008)).

Second, a court has inherent authority to award attorneys' fees when attorneys litigate in bad faith. See Roadway Express, Inc.v. Piper, 447 U.S. 752, 765 (1980) ("[I]n narrowly defined circumstances federal courts have inherent power to assess attorney's fees against counsel."); see

4

also Brubaker, 943 F.2d at 1382 n.25 ("The inherent power of the court would permit an award of attorneys' fees where an opposing party exercises bad faith in the conduct of litigation."). Courts in the Fourth Circuit have considered their inherent power to sanction for attorneys' fees alongside § 1927, and note that the court has the power to invoke its inherent authority to sanction an attorney's conduct even if procedural rules exist which sanction the same conduct. See Salvin v. Am. Nat'l Ins. Co., No. 2:06cv264, 2007 WL 1097891, at *10 (E.D. Va. Apr. 11, 2007) ("Because the court finds ample authority under section 1927 to sanction the plaintiff's counsel, it declines to exercise its inherent authority to order that attorneys' fees be paid.").

Finally, Federal Rule of Civil Procedure 11 also provides for an award of attorney's fees as a sanction, stating:

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. . . . The sanction may include . . . an order directing payment to the movant of part or all of the reasonable attorney's fees . . . .

Fed. R. Civ. P. 11(c). Rule 11(b) requires a "pleading, written motion, or other paper" submitted to the court to meet several criteria. Fed. R. Civ. P. 11(b). Namely, Rule 11 "requires an attorney to make a reasonable inquiry to determine that a complaint is well grounded in both fact and law, and not filed for an improper purpose." Perez v. BAT Masonry Co., Inc., No. 6:15-cv-28, 2016 WL 7496146, at *2 (W.D. Va. Dec. 30, 2016). "[M]aintaining a legal position to a court is only sanctionable [under Rule 11] when, in 'applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified.'" Hunter v. Earthgrains Co. Bakery, 281 F.3d 144, 153 (4th Cir. 2002) (quoting In re Sargent, 136 F.3d 349, 352 (4th Cir. 1998)). The Fourth Circuit in Earthgrains clarified, "the legal argument must have 'absolutely no chance of success under the existing precedent.'"

5

Id. In the Fourth Circuit, "it is clear that the primary, or 'first' purpose of Rule 11 is to deter future litigation abuse." In re Kunstler, 914 F.2d 505, 522 (4th Cir. 1990). Rule 11 "should not blindly be used to shift fees." Id. When giving a monetary award, the district court "should consider four factors . . . (1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the Rule 11 violation." Id. at 523.

BAE has not specifically sought a fee award under Rule 11, but requests leave to file a Rule 11 motion should the court require it.[2] Dkt. 181. Rule 11 sanctions are not available when the moving party waits to serve the motion until after the final disposition of the claim between the parties. Royal Ins. v. Lynnhaven Marine Boatel, Inc., 216 F. Supp.2d 562, 566 (E.D. Va. 2002) ("Quite clearly then, a party cannot wait until after summary judgment to move for sanctions under Rule 11.") (quoting Ridder v. City of Springfield, 109 F.3d 288, 296 (6th Cir. 1997)). However, courts may also award sanctions under Rule 11 of their own initiative. See UBS Fin. Servs., Inc. v. Childress, No. 1:12cv00074, 2013 WL 5786444, at *3 (W.D. Va. Oct. 28, 2013) ("A court may sanction an attorney who has violated Rule 11(b), and the court may do so on its own initiative."). Before a court may sanction attorney conduct of its own initiative, it must issue a show cause order. See In re Bees, 562 F.3d 284, 289 (4th Cir. 2009) ("Rule 11 requires a district court to order counsel 'to show cause why conduct specifically described in the order has not violated Rule 11(b)' prior to imposing *sua sponte* sanctions in order to allow counsel to respond to specific asserted Rule 11 violations." (quoting Fed. R. Civ. P. 11(c)(3)). In issuing a show cause order, "[A] court is obliged to use extra care in imposing sanctions on offending lawyers." Hunter v. Earthgrains Co. Bakery, 281 F.3d at 151. "The Advisory

---

[2] I decline to advise BAE to file a particular motion in pursuit of its fee award. It is not the province of the court to determine the proper vehicle to bring a request for relief before the court.

6

Committee contemplated that a sua sponte show cause order would only be used 'in situations that are akin to a contempt of court…'" Id. (citing Fed. R. Civ. P. 11).  The Court's admonition to counsel for Plaintiff in its December 16, 2016 Order does not suffice as a show cause order.  Further, considering the high burden necessary to issue a show cause order, I decline to recommend that Clehm be issued a show cause order with regard to Rule 11 sanctions in this case.

**B.**

I recommend against awarding BAE's requested attorneys' fees under 28 U.S.C. § 1927, the court's inherent authority, or Rule 11. With regard to § 1927, I find insufficient evidence that Clehm acted in bad faith or unreasonably and vexatiously multiplied the proceedings in this case.  Clehm's complaint included multiple counts against BAE at every stage of the case. Thus, even had Clehm not realleged Count II, BAE couldn't defeat Clehm's suit until it dealt with her other three claims. Dkt. Nos. 1 & 169.  BAE suggests that it conducted additional discovery because Clehm realleged Count II, and that "many of [the depositions] explored topics directly relevant to Plaintiffs Count II."  Dkt. No. 181 at 6. BAE's counsel concludes that "a significant portion of [BAE's] preparation and defense for the twenty depositions noticed by Plaintiff, as well as the solicitation of declarations from [BAE] employees, was incurred in the defense of Plaintiff's Count II." Dkt. No. 181, Decl. Victor Cardwell ¶ 11.  A review of the record reveals that Clehm used a majority of the depositions to support her claims for sex discrimination and harassment against BAE in Count I, in addition to the assault and battery claims in Count II. Dkt. No. 160 at 28–48. Further, conducting depositions in support of a claim does not rise to the level of unreasonable and vexatious multiplication of proceedings warranting sanctions. See Aggarwal v. Sikka, 2013 WL 5962996, at *6 (E.D. Va. 2013) (While aggressive litigation tactics will not

7

provide the basis for sanctions under § 1927, it is appropriate for a court to grant sanctions where an attorney engages in "reckless behavior that demonstrates a conscious disregard for a foreseeable risk that proceedings will be unreasonably and vexatiously multiplied.") (quoting E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc., 2012 WL 6540072 (E.D. Va. Dec. 13, 2012)); Collins v. Dollar Tree Stores, Inc., 2010 WL 9499078, at *11 (E.D. Va. 2010) ("[A]n attorney who files a meritless claim may not be sanctioned under § 1927 if he does not engage in [abusive litigation] conduct.") (internal citations omitted).

I also find that Clehm's decision to reallege Count II in her second amended complaint does not constitute bad faith. "Bad faith is shown where a litigant knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." Nasser, 2014 WL 1323170, at *6 (internal quotations omitted). BAE asserts that Clehm's decision to reallage Count II—only to have it later dismissed—amounted to bad faith. BAE believes that the Court's order cautioning Clehm about refiling her claim without sufficient factual authority put Clehm on "clear notice . . . about the potential consequence of her decision . . . ." Dkt. No. 181 at 4.

The court's warning that it would "entertain a Rule 11 motion" if Count II did not survive summary judgment did not prevent Clehm from realleging Count II in good faith. Admittedly, Clehm realleged Count II in an almost identical fashion after dismissal. However, Clehm's amended complaint added a new factual allegation that the court addressed in its summary judgment opinion. See Dkt. No. 168 at 26 ("In this case, Clehm alleges that Linkous was 'making his rounds and performing his managerial duties' during both of the times he assaulted

8

her, insisting his conduct was within the scope of his employment duties.").[3] The additional facts, while not enough to survive summary judgment, created some chance of success. Thus, it cannot be said that Clehm pursued a "path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound," or evidenced "reckless indifference to the law." Stradtman v. Republic Services, Inc., 121 F. Supp. 3d 578, 581–85 (E.D. Va. 2015) (finding that the court's "job in assessing whether costs and fees under § 1927 are appropriate is not whether litigation was ultimately successful or whether the complaint was frivolous, but whether counsel's actions were so far beyond the pale as to constitute nothing more than driving up Defendants' litigation costs"); see also Fei Guan v. Ran, No. 1:17cv332, 2017 WL 3705877, at *1 (E.D. Va. Aug. 28, 2017) (Defendant's decision to file an amended complaint with "minor tweaks and revisions" rather than voluntarily dismissing lawsuit was not the type of bad faith conduct that warrants the imposition of sanctions under the court's inherent power).  BAE cites no other evidence of dishonesty or fraud on the part of Clehm.

Because I do not find that Clehm acted in bad faith when she realleged Count II, I decline to recommend that the court use its inherent power to award fees. Brubaker, 943 F.2d at 1382 n.25 ("The inherent power of the court would permit an award of attorneys' fees where an opposing party exercises bad faith in the conduct of litigation."); Stradtman, 121 F. Supp. 3d at 587 ("Though the scope of the court's inherent power covers more than just rule or statute-based misconduct, the level of misconduct required "is almost always something more egregious than that required for other types of sanctions.") (citing McKenzie v. Norfolk S. Ry. Co., 497 Fed. Appx. 305 (4th Cir. 2012).

---

[3] That Count II, as amended, did not survive summary judgment does not establish that Clehm had no factual basis for the claim.  The crux of the issue in Count II is whether BAE would have vicarious liability for Linkous's wrongful behavior if he acted while engaged in his supervisory capacity.  The court ruled against BAE on this issue, but I do not find that Clehm asserted the amendment in bad faith or vexatiously to multiply the litigation.

With regard to Rule 11 sanctions, BAE did not timely move for Rule 11 sanctions, and I do not find it appropriate for the court to issue a show cause to issue sanctions under its own initiative in this case. The court's statement that "it would entertain a Rule 11 motion" does not relieve BAE of its responsibility to properly pursue that motion, nor does it guarantee the imposition of Rule 11 sanctions if Clehm's claims did not survive summary judgment. "[I]t is axiomatic that asserting a losing legal position, even one that fails to survive summary judgment, is not of itself sanctionable conduct." Hunter v. Earthgrains Co. Bakery, 281 F.3d at 151.  The Fourth Circuit has stated that maintaining a legal position to a court is only sanctionable when a reasonable attorney in like circumstances could not have believed his actions to be legally justified, or put another way, must have "absolutely no chance of success under the existing precedent." In re Sargent, 136 F.3d 349, 352 (4th Cir. 1998).  Clehm's decision to reallege Count II with additional, albeit conclusory, facts was a losing position but not a sanctionable one. Accordingly, I recommend against awarding sanctions against Plaintiff.  See Nexus Services, Inc. v. Moran, 2018 WL 1461750 at *18 (W.D. Va. Mar. 23, 2018)( Awarding attorneys' fees as sanctions but noting that the court does not take the step lightly and recognizing that in this district an award of fees for sanctions is not a common occurrence.)

### III.

BAE seeks $8,899.22 in costs pursuant to Fed. R. Civ. P. 54 and 28 U.S.C. § 1920.  Rule 54 permits prevailing parties to "recover costs other than attorney's fees '[u]nless a federal statute, these rules or a court order provides otherwise.'" Webb v. Kroger Ltd. P'ship I, No. 7:16-cv-00036, 2017 WL 2651721, at *1 (W.D. Va. June 19, 2017) (quoting Fed. R. Civ. P. 54(d)(1)). Rule 54 "creates the presumption that costs are to be awarded to the prevailing party." McKinley

10

v. Salvation Army, No. 7:15CV00166, 2017 WL 2799889, at *1 (W.D. Va. June 27, 2017) (quoting Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999)).

The district court may only tax those costs authorized by statute. See Webb, 2017 WL 2651721, at *1 (citing Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 442, 445 (1987))). Generally, six categories of costs are taxable: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. 28 U.S.C. § 1920.

### A.

The court granted summary judgment in favor of BAE, thus, it is a prevailing party entitled to recover costs. Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999) (citations omitted). The prevailing party bears the burden of showing that the requested costs are allowable under § 1920. The burden then shifts to the losing party to identify any impropriety of taxing the proposed costs. Francisco v. Verizon South, Inc., 272 F.R.D. 436, 441 (E.D. Va. 2011). It is "incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." Ellis v. Grant Thornton LLP, 434 Fed.Appx. 232, 235 (4th Cir. 2011) (citing Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994)).

Courts have discretion to deny costs but, "must 'articulat[e] some good reason for doing so,' in order to 'overcome the presumption.'" McKinley, 2017 WL 2799889, at *1 (quoting

11

Cherry, 186 F.3d at 446). The factors guiding a court's decision not to award costs are: "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." Ellis v. Grant Thornton LLP, 434 Fed.Appx. 232, 235 (4th Cir. 2011). "Costs may be denied to the prevailing party only when there would be an element of injustice in a presumptive cost award," Cherry, 186 F.3d at 446, and only if the district court 'justif[ies] its decision by articulating some good reason for doing so.'" Musick v. Dorel Juvenile Group, Inc., No. 1:11cv5, 2012 WL 473994, at *1 (W.D. Va. Feb. 13, 2012) (quoting Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994)).

      Clehm asserts that the court should decline to award costs because she "cannot pay any costs," and that "this . . . was a close, difficult case involving complex legal and factual issues." Dkt. No. 178 at 6. Clehm relies upon Musick v. Dorel Juvenile Group, Inc., 1:11CV00005, 2012 WL 473994 (W.D. Va. Feb. 13, 2012) and Green v. Winchester Medical Center, No. 5:13CV00064, 2015 WL 247871 (W.D. Va. Jan. 20, 2015), where the court denied costs sought by a prevailing defending party. In Musick, the plaintiff was a child who suffered a serious brain injury while seated in a child safety seat manufactured by defendant. After a lengthy trial, in which the jury found in favor of the defendant, the court denied defendant's requests for $51,237.47 in costs, noting that the Musick family had less than $1,000 in the bank and a life care plan of $9 million to care for their daughter over the course of her life. Musick, 2012 WL 473994, at *1–2. The court further noted that the "case was relatively close and difficult . . . ." Id. In Green, the court declined to award defendants' costs of $24,336.21, finding that plaintiff worked in a grocery store making minimum wage, is seeking a community college degree and is personally paying for her education, and has a permanent injury that has substantially reduced

her present and future earnings potential. 2015 WL 247871, at *1  The court also noted that that "the case was a close and difficult one. . . . [that] could have easily gone either way." Id. at *3. See also Norris v. Excel Industries, Inc., No. 5:14cv29, 2016 WL 1092706, at *3 (W.D. Va. Jan. 26, 2016) (finding plaintiff unable to pay over $23,000 in costs because she was elderly with limited means, decreasing income and physical ailments).

 Here, unlike Green and Musick, the evidence does not reflect that Clehm is unable to pay the costs, that the costs sought are excessive, or that the issues were close or difficult.  Clehm provided no evidence reflecting her inability to pay any amount of costs, aside from noting that she had to take unpaid leave from BAE for a time. See Arthur v. Pet Dairy, No. 6:11 –cv–00042, 2013 WL 6228732, at *2 (W.D. Va. Dec. 2, 2013) ("Plaintiff did not in his objections to Defendant's bill of costs include any affidavits or particular citations to the record that would indicate an extreme inability to pay or hardship . . . ."); see also Walker v. Mod-U-Kraft Homes, LLC, No. 7:12cv4702015 WL 4400227, at *2 (W.D. Va. July 17, 2015) (Plaintiff does not lack ability to pay costs when she earns $8.11 per hour working as a teacher's assistant).  It is incumbent upon Plaintiff to establish that her financial circumstances are sufficient to overcome the presumption that favors the court awarding costs to the prevailing party. Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994). Clehm remains employed and the costs BAE seeks are not particularly excessive.  Further, the issues in this case were not so close as to reach a jury. Rather, the court dismissed Clehm's claims against BAE on summary judgment, removing it from the case entirely.

 Clehm makes an equitable argument that because she was a victim of sexual harassment, to award costs in favor of BAE would be "akin to blaming or even shaming a victim of sexual harassment for having complained." Dkt. No. 178 at 6. Clehm asserts that awarding costs here

13

Case 7:16-cv-00012-MFU-RSB   Document 192   Filed 05/09/18   Page 14 of 19
                              Pageid#: 3646

could "create a dangerous chilling effect to those litigant-victims who would otherwise see their suffering brought into the sunlight of the judicial system."[4] Id.  In Cherry, 186 F.3d at 448, the Fourth Circuit held that it was error for the district court to deny an award of costs in part because of the "important public interest served by encouraging others in similar circumstances to pursue colorable Title VII claims." The court found that Rule 54(d)(1) should not be interpreted to include a public interest exception, stating,

> The language of Rule 54(d)(1) does not provide that the presumptive award of costs may be defeated because of the nature of the underlying litigation.  On the contrary, it provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules," the cost-shifting to the prevailing party otherwise applies to *all* cases, including Title VII cases.

Id. at 448.  The court further noted that Title VII contains incentives to serve the public interest, and district courts should not add a similar provision to Rule 54(d)(1).   Accordingly, I find that Clehm does not overcome the presumption in favor of awarding costs to the prevailing party.

## B.

### a. Deposition Expenses

BAE seeks $6,930.40[5] for deposition expenses. The Fourth Circuit "has held that costs of a deposition, including transcript fees, should be awarded 'when the taking of a deposition is reasonably necessary at the time of its taking.'" Delapp v. Shearer's Foods, Inc., No. 1:15CV00020, 2016 WL 1718395, at *2 (W.D. Va. Apr. 29, 2016) (quoting LaVay Corp. v.

---

[4] It is undisputed that Clehm was the victim of sexual assault by Joshua Linkous. Joshua Linkous pled guilty to that assault and his punishment is being handled through the criminal justice system.  Joshua Linkous is also a defendant in this civil case for claims of assault and battery. After dismissing the claims against BAE, the court retained jurisdiction over Clehm's civil claims against Joshua Linkous and those claims will proceed to trial. Dkt. No. 184. Notably, however, the court found that BAE did not maintain a hostile work environment or fail to take action to prevent sexual harassment perpetrated against Clehm. Indeed, the court found insufficient evidence from which a jury could find in Clehm's favor on any of her claims against BAE and dismissed BAE from this case. Dkt. No. 168, p. 1. Thus, BAE is not the perpetrator of harm against Clehm in this case, and in fact, is the prevailing party on Clehm's claims.

[5] BAE initially sought $7,129.47 in deposition expenses, but reduced the amount sought in its reply brief to $6,930.40 to eliminate the costs of expedited deposition transcripts for Matt Linkous and Joshua Linkous. Dkt. No. 180, p. 8.

Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987)). Included in this calculation are court reporters' appearance fees. See id. at *3 (concluding that "recoverable costs include attendance fees"). A party can also recover expedited costs "when the recovering party can show necessity for the expedited service." Id. at *2 (citations omitted). However, courts generally do not award costs "for the inclusion of exhibits, 'as these are primarily for the convenience of counsel, who often has a copy of the exhibit at hand already.'" Id. (quoting Scallet v. Rosenblum, 176 F.R.D. 522, 529 (W.D. Va. 1997)).

I find that BAE is entitled to recover costs related to the depositions of witnesses that Clehm's counsel noticed and deposed because it was necessary for BAE to review the deposition transcripts. BAE is further entitled to the appearance fees of the court reporter for these depositions as they were reasonably necessary. See Delapp v. Shearer's Foods, Inc., No. 115cv20, 2016 WL 1718395, at *3 (W.D. Va. Apr. 29, 2016). BAE sufficiently justifies deposing Flo Bishop and Jason Blakenship, whom BAE noticed for deposition, because Clehm included Bishop and Blakenship as persons with discoverable information in her Rule 26 disclosures. Dkt. No. 175 at 3–4. BAE also justifies deposing Teresa Gonzalez, as her deposition provided details concerning the working environment at BAE, which Clehm cited to in her brief in opposition to summary judgment. Thus, I recommend awarding appearance fees and transcript fees for these depositions.

Clehm objects that BAE "went over [its] allotted time" in taking Carla Clehm's deposition, and thus should not recover those costs. However, BAE argues that "[Clehm] has provided no evidence that she objected to the length of this deposition." Dkt. No. 180 at 7. BAE was entitled to depose Clehm as a party to the lawsuit and her deposition was reasonably

necessary. Accordingly, I find that BAE is entitled to appearance fees related to Clehm's deposition.

I do not find that BAE is entitled to the costs associated with exhibits included in Clehm's deposition transcript or shipping, and will reduce the allowed amount by $207.00. See Selective Way Ins. Co. v. Apple, No. 3:13-CV-00042, 2017 WL 111439, at *2 (W.D. Va. Jan. 11, 2017) ("the same logic regarding exhibits applies to shipping and handling"). I also find that BAE has not justified the expense charged for the rough draft of Matthew Linkous' February 9, 2017 deposition, or for an expedited transcript for Matt Linkous' 30(b)(6) deposition and I will further reduce costs by $87.35.[6] I do find it proper to allow costs for a rough draft and expedited transcript of Flo Bishop's deposition because her deposition testimony was necessary for BAE to meet pending deadlines related to a motion to compel. See Dkt. No. 122. I therefore recommend awarding BAE $6,636.05 for deposition expenses.

### b. Costs for Medical Records and Private Process Servers

BAE seeks $452.75 in costs relating to medical records and private process servers. Fees of the clerk and marshal are expressly provided for under § 1920, but the plain language of the statute makes no mention of private process servers. "While there is a split in the courts as to whether fees for private process servers fall under that provision, a clear majority of circuit courts recognize private process server fees are also taxable against the non-prevailing party." Schwarz & Schwarz of Virginia, LLC v. Certain Underwriters at Lloyd's, No. 6:07-cv-42, 2010 WL 452743, at *3 (W.D. Va. Feb. 8, 2010). The Fourth Circuit has not yet weighed in on this issue; however, courts in the Western District of Virginia trend towards excluding costs for service by a private process server under § 1920. See Webb v. Kroger, L.P. I, No. 7:16-cv-

---

[6] The parties have stipulated to a reduced expense total for Matthew Linkous and Joshua Linkous' expedited deposition transcripts of $117.00 and $82.07 respectively. I also find it appropriate to reduce the expedited cost for a copy of Matt Linkous' 30(b)(6) deposition by half, from $50.70 to $25.35.

16

00036, 2017 WL 2651721, at *1 (W.D. Va. June 19, 2017) (citing Western District cases); see also Scates v. Shenandoah Mem'l Hosp., No. 5:15-cv-00032, 2016 WL 6879269, at *1 (W.D. Va. Nov. 21, 2016) ("However, recent cases in the Western District of Virginia reveal a trend against allowing the taxing of private process server fees.").

BAE asserts that it "paid third-party health care providers of Carla Clehm for documents in response to its subpoena *duces tecum* in this case for a total of $452.75." Dkt. No. 175 at 3. The invoices associated with these costs reveal that BAE paid a private process server for subpoenas issued to Clehm's medical providers in the amount of $387.50. Dkt. No. 175, Ex. A at 14, 16. Multiple invoices reflect that BAE was only charged for service of process and not copying medical records. Accordingly, I recommend that BAE's taxable costs for medical records be reduced to $65.25.

### c. Printing and Copying Expenses

BAE seeks $367.00 in costs for printing and copying. Section 1920(4) allows printing and copying expenses to be taxed when they are "necessarily obtained for use in the case." 28 U.S.C. § 1920 (2012). This covers "'discovery-related costs' and is not limited to 'materials attached to dispositive motions or produced at trial.'" McKinley v. Salvation Army, No. 7:15CV00166, 2017 WL 2799889, at *4 (W.D. Va. June 27, 2017) (quoting Country Vinter of N.C., LLC v. E. & J. Gallo Winery, Inc., 718 F.3d 249, 257 (4th Cir. 2013)).

BAE seeks costs for printing expenses in responding to Clehm's request for production and in printing its motion for summary judgment. Both these expenses are within the scope of § 1920. Clehm's contention that the responses to request for production could have been sent electronically is unpersuasive. I recommend that BAE be awarded the full costs it requests for printing and copying.

### d. Costs for Scientific Testing

BAE also moves the court for $950 in taxable costs in the form of laboratory testing for "certain feces found in front of [Clehm's] locker . . . ." Dkt. No. 175. Independent laboratory testing is not a taxable expense under the plain language of § 1920. I therefore recommend reducing BAE's costs by $950.

### IV.

Accordingly, I **RECOMMEND** that BAE's motion be **DENIED** as to attorney's fees. Further, I recommend that BAE's motion for costs be **GRANTED IN PART**. BAE should be awarded $7, 068.30 in costs under 28 U.S.C. § 1920.[7]

---

[7] Calculated as follows:

| Cost | BAE's Request | Amount Awarded |
| --- | --- | --- |
| Deposition Expenses | $6,930.40 | $6,636.05 |
| Medical Records & Process Servers | $452.75 | $65.25 |
| Printing & Copying Expenses | $367.00 | $367.00 |
| Scientific Testing | $950.00 | $0.00 |
| **Total** | **$8,700.15** | **$7,068.30** |

The clerk is directed to transmit the record in this case to the Honorable Michael F. Urbanski, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record and all *pro se* parties. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by me, may be construed by any reviewing court as a waiver of such objections, including a waiver of the right to appeal.

Entered:  May 9, 2018

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge