CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 20 2018

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CARLA A. CLEHM )
)
Plaintiff, ) Civil Action No. 7:16-cv-00012
)
v. )
)
BAE SYSTEMS ORDNANCE ) By: Hon. Michael F. Urbanski
SYSTEMS, INC., et al., ) Chief United States District Judge
)
Defendants. )

## MEMORANDUM OPINION

Following entry of summary judgment in its favor, defendant BAE Systems Ordnance Systems, Inc. filed motions for an award of costs and attorney's fees.[1] Plaintiff Carla Clehm opposes both motions. The court referred these motions to United States Magistrate Judge Robert S. Ballou for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and (b)(3). The magistrate judge issued a report on May 9, 2018, recommending that BAE's motion for attorney's fees be denied and that its motion for costs be granted in part. Clehm filed a timely objection to the report.

The focus of Clehm's objection is not so much any error made by the magistrate judge. In fact, Clehm takes no issue with the magistrate judge's legal analysis or computations, and she describes the report as "thorough" and "well-reasoned." Rather, in her limited objection, Clehm asks the court to stay any award of costs pending appeal.

---

[1] Count II, alleging assault and battery against defendant Joshua Linkous individually, is still pending and set for jury trial as to damages.

Because she has not provided adequate reason for the court to stay an award of costs or reduce or deny the award recommended by the magistrate judge, the court will **ADOPT** the magistrate judge's report and recommendation in its entirety, **OVERRULE** Clehm's objection, and award BAE $7,068.30 in costs under 28 U.S.C. § 1920.

### I.

A party may "serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report." WTGD 105.1 FM v. SoundExchange, Inc., 88 F. Supp. 3d 580, 583 (W.D. Va. 2015) (citing 28 U.S.C. § 636(b)(1)). "The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made." Id. But, if a party does not make a proper objection, the district court is not obligated to independently review the recommendation. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard when neither party objects to those findings."). In addition, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

### II.

The primary purpose of Clehm's objection to the magistrate judge's report and recommendation is to seek a stay of any award of costs pending appeal. The district court has discretion to proceed with taxation of costs or to defer ruling on assessment of costs until after the appeals process. Singleton v. Dep't of Correctional Education, No.

1:03CV00004, 2003 WL 22299039, at *1 (W.D. Va. Oct. 3, 2003) (citations omitted). Rule 54(d) creates a presumption in favor of an award of costs to the prevailing party "in the ordinary course." Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994). "[I]n a case where the district court feels that aberration from this general rule is appropriate, the court must justify its decision by 'articulating some good reason for doing so.'" Id. (quoting Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc., 899 F.2d 291, 296 (4th Cir. 1990)); see also Hanwha Azdel, Inc. v. C&D Zodiac, Inc., No. 6:12-CV-00023, 2015 WL 1417058, at *7 (W.D. Va. Mar. 27, 2015); Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999).

Here, the only reason Clehm provides for her request to stay any award of costs is her assertion that staying costs pending appeal "has been the practice of this Court in the past." Pl.'s Obj., ECF No. 193, at ¶ 1. For this proposition, she cites Walker v. Mod-U-Kraf Homes, LLC, No. 7:12cv00470, 2014 WL 2450118 (W.D. Va. May 30, 2014). Walker, however, offers no analysis on this issue. Moreover, it was in a different procedural posture than the instant case—at the time the bill of costs was filed, the court's summary judgment ruling was already pending on appeal at the Fourth Circuit. In any event, Walker does not suggest it is the practice of this court to stay an award of costs pending appeal.

Clehm offers no other reason why the court should exercise its discretion to stay a ruling on these motions, and the court finds no good reason for doing so. Indeed, there is good reason *not* to stay an award of costs in this case. "With prompt taxation, any appeal from the award of costs could feasibly be consolidated with the pending appeal on the merits, thereby enhancing judicial efficiency." Singelton, 2003 WL 2299039, at *2 (citing

3

Langham-Hill Petroleum v. S. Fuels Co., 813 F.2d 1327, 1330-31 (4th Cir. 1987), Reed v. Health & Human Servs., 774 F.2d 1270, 1277 (4th Cir. 1985), and Wright v. Jackson, 522 F.2d 955, 957 (4th Cir. 1975)).

Clehm, "out of an abundance of caution," also objects to several other findings from the magistrate judge's report, including that BAE is the prevailing party and a statement that the allegations in Count II of the Second Amended Complaint are conclusory, "[t]o the extent such language is considered a factual finding." Pl.'s Obj., ECF No. 13, at ¶ 2. These objections lack merit and warrant no further discussion from the court.

Clehm also objects to the magistrate judge's finding that questions in this case were not close or difficult. Id. at ¶ 3. Five factors inform the court's decision to deny an award of costs: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; and (5) the closeness and difficulty of the issues decided. Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011) (citing Cherry, 186 F.3d at 446).

A case's closeness is "judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." Arthur v. Pet Dairy, No. 6:11-CV-00042, 2013 WL 6228732 at *3 (W.D. Va. Dec. 2, 2013); Va. Panel Corp. v. MAC Panel Co., 203 F.R.D. 236, 237 (W.D. Va. 2001). Clehm offers no support for her argument that the issues presented in this case were sufficiently close and difficult to warrant a reduction or denial of costs. Rather, she states simply that she intends to appeal the court's summary judgment ruling. Clehm can appeal that decision as a matter of right; exercising

4

that right does not make the case close and difficult, however. Even if the case was close and difficult, this factor alone is not sufficient to deny costs. Va. Panel Corp., 203 F.R.D. at 238.

In short, the court finds no error with the magistrate judge's analysis and will accept his recommendation and award costs in BAE's favor in the amount of $7,068.30.

### III.

For these reasons, the court will **ADOPT** the magistrate judge's report and recommendation (ECF No. 192), **OVERRULE** Clehm's objections (ECF No. 193), **DENY** BAE's motion for attorneys' fees (ECF No. 176), and **GRANT in part** BAE's motion for costs (ECF No. 175).

An appropriate Order will be entered this day.

Entered: 08-19-2018

Michael F. Urbanski
Chief United States District Judge