CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 11 2019

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

CARLA A. CLEHM )
         )
    Plaintiff, )      Civil Action No. 7:16-cv-00012
         )
v. )
         )
BAE SYSTEMS ORDNANCE )      By: Hon. Michael F. Urbanski
SYSTEMS, INC., et al., )      Chief United States District Judge
         )
    Defendants. )

## MEMORANDUM OPINION

### I.

This matter is before the court on Plaintiff Carla A. Clehm's ("Clehm") Motion to Correct the Record pursuant to Rule 10(e)(2)(B) of the Federal Rules of Appellate Procedure. ECF No. 241. The circumstances giving rise to this motion are as follows: On June 29, 2017, Clehm filed a Memorandum in Opposition to Defendant BAE Systems Inc.'s ("BAE") Motion for Summary Judgment, ECF No. 160, attaching 65 exhibits. Clehm filed as ECF No. 160-57, discovery documents produced by BAE with Bates stamps BAE 1781-1783. The documents attached apparently were not the correct documents. During discovery, BAE inadvertently produced to Clehm discovery documents with Bates stamps that were repetitive of Bates stamps that had previously been used. BAE corrected this production error within three days, reproducing these documents with corrected Bates stamps and an explanatory cover letter on May 25, 2017. Nevertheless, on June 29, 2017, Clehm filed as ECF No. 160-57 the "first set" of documents produced with Bates stamps

1

BAE 1781-1783. Clehm claims that she intended to attach the "second set" of documents produced with Bates stamps BAE 1781-1783.

## II.

On December 4, 2017, the court granted BAE's Motion for Summary Judgment. ECF No. 168. Following the entry of final judgment on August 28, 2018, Clehm filed a Notice of Appeal with the United States Court of Appeals for the Fourth Circuit, appealing the grant of summary judgment dismissing BAE from the case. On December 14, 2018, Clehm filed the motion presently before the court. In this motion, Clehm seeks to replace a part of the record, ECF No. 160-57, under appeal with Exhibit 3 (included in her motion) to correct the attachment error described supra. On January 7, 2019, BAE filed a response to Clehm's motion, ECF No. 242, stating that it does not object to the motion to alter the record, but believes it would be inappropriate to remove documents from the record that were part of the record when the court rendered its summary judgment ruling. BAE also makes a crucial observation: regardless of whether Clehm intended to include the documents contained in Exhibit 3, i.e., the "second set" of documents produced with Bates stamps BAE 1781-1783, these documents were neither received nor reviewed by the court when it granted BAE's motion for summary judgment. On January 7, 2019, Clehm filed a reply, ECF No. 243, to BAE's response indicating that it did not oppose ECF No. 167-57 remaining part the record. For the reasons set forth herein, the court will **DENY** Clehm's motion.

## III.

Rule 10(e) of the Federal Rules of Appellate Procedure allows a district court to supplement the record that was previously before it. Under the Rule, a district court may

modify or supplement the record on appeal: (1) "if any difference arises as to what actually occurred before it;" or (2) "if anything material to either party is omitted from the record by error or accident." Id.; accord Himler v. Comprehensive Care Corp. ., 790 F.Supp. 114, 115 (E.D. Va. 1992). The record on appeal consists of "the original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court." Fed. R. App. P. 10(a).

It is well-settled that "the purpose of Rule 10(e) is not to allow a district court to add to the record matters that did not occur there in the course of the proceedings leading to the judgment under review." Id.; accord Rutecki v. CSX Hotels, Inc., 2007 U.S. Dist. LEXIS 44954, at *14 (S.D. W. Va. June 20, 2007). Indeed, the clear weight of authority indicates that a district court should properly refuse to supplement the record on appeal with discovery documents that were "not filed . . . or brought to the attention of the district court, as it considered the various papers in evaluating the motion for summary judgment." Rohrbough v. Wyeth Labs., Inc., 916 F.2d 970, 973–74, n. 8 (4th Cir. 1990); Wheeler v. Anchor Continental, Inc., 1979 U.S. Dist. LEXIS 8438, 1979 WL 52(D.S.C.1979) ("Rule 10(e) provides no basis for augmenting the record to include evidence which was never before the district court."); Thomas v. Lodge No. 2461 of Dist. Lodge 74 of the Int'l Ass'n of Machinists And Aero. Workers, 348 F. Supp.2d 708, 710 (E.D. Va. 2004) ("[T]he purpose of Rule 10(e) is not to allow a district court to add to the record on appeal matters that did not occur there in the course of the proceedings leading to the judgment under review.'" (citation omitted)); Complaint of Robins Maritime Inc., 162 F.R.D. 502, 504 (E.D. Va. 1995) (calling the above rule "well-settled"); 16A Fed. Prac. & Proc. Juris. § 3956.4 (4th ed.)

("[O]rdinarily Rule 10(e) should not be used to insert in the record items that are not properly a part of it—such as materials that were not presented to the district court during the litigation that led to the challenged district-court ruling.").

In Amr v. Virginia State University, the court did note that several courts outside of the Fourth Circuit have held that there are certain situations in which a district court may supplement the record with material that was not previously before it. No. 3:07cv628, 2009 WL 1208203, at *3 (E.D. Va. May 4, 2009). The Amr court noted, however, that this issue was addressed in the Eastern District of Virginia in a case where the plaintiffs relied on "a vein of precedent" outside of the Fourth Circuit which permitted "appellate courts to consider matters not included in the appellate record 'in the interests of justice.'" Id. (quoting Freedman, Levy, Kroll & Simmons v. Mendelson, 197 F.R.D. 276, 279 (E.D. Va. 2000). In Mendelson, the court noted the "four general circumstances in which federal appellate courts [could] consider matters beyond the record on appeal as a matter of inherent discretion." Id. The four circumstances were: (1) "an appellate court ruling sua sponte on question of law neither argued before the trial court nor expressly raised on appeal;" (2) "an appellate court reviewing probable cause and other procedural matters . . . [in] considering evidence presented in pretrial proceedings but not properly brought before the trial court or included in the appellate record;" (3) "an appellate court . . . exercising its inherent discretion in the interest of justice to consider evidence not considered by the trial court;" and (4) "an appellate court considering sua sponte mixed issues of law and fact not specifically raised in the district court." Id. at 279–80.

The Mendelson court ultimately held that the plaintiffs had "cited no instances in which a district court acting under Rule 10(e) supplemented a record already on appeal with documentary evidence not extant at the time of the court's ruling." Id. at 280. Thus, the court denied the motion to supplement the record, observing that the plaintiffs "may benefit on appeal from the inherent discretion of the Fourth Circuit," but that district courts must decline "to exceed the scope of [Rule] 10(e)." Id.

To date, the Fourth Circuit has yet to follow its sister circuits by exercising its "inherent discretion" in this manner, and numerous decisions of courts in this circuit and beyond militate against permitting Clehm to "correct" the record. See e.g., Thomas, 348 F.Supp.2d at 711 (E.D. Va. 2004) ("[I]t is not appropriate for this Court to supplement the record here by adding the plea agreement."); Huelsman v. Civic Ctr. Corp., 873 F.2d 1171, 1175 n.3 (8th Cir. 1989) ("[T]he appellate record consists only of those facts and material presented for the district court's consideration."); Henn v. Nat'l Geographic Soc., 819 F.2d 824, 831 (7th Cir. 1987) ("The parties may rely on appeal only on materials furnished to the district judge."). In short, the record on appeal cannot contain any documents or evidence that were not filed in the trial court prior to judgment. In other words, "a party may not 'raise additional issues nor belatedly supplement the record' on appeal with documents that allegedly include 'proof' of an issue in the action, if those documents were not presented to the trial court." Newport News Holdings Corp. v. Virtual City Vision, Inc., No. 4:08CV19, 2010 WL 11566374, at *2 (E.D. Va. May 11, 2010) (citing Samuels v. Wilder, 871 F.2d 1346, 1354 (7th Cir. 1989)). The court finds the prevailing precedent highly persuasive.

To reiterate, a district court may modify or supplement the record: (1) "if any difference arises as to what actually occurred before it;" or (2) "if anything material to either party is omitted from the record by error or accident." Fed. R. App. P. 10(e). Neither party appears to dispute the contents of the record before this court on summary judgment. Hence, the only available grounds for supplementation would be omission of the proffered documents in Exhibit 3 due to "error or accident." See id. The term "error or accident" is "broadly interpreted to permit the record to be supplemented by any matter which is properly a part thereof." United States v. Barrow, 118 F.3d 482, 488 (6th Cir. Mich. 1997). Importantly, supplementation is permitted only if the "error or accident" resulted in the omission in the appellate record of material that was part of the trial record. Here, Clehm seeks to supplement the record on appeal with documents they concede were never presented to the trial court. In other words, Clehm's failure to proffer the "second set" of documents in question does not constitute an actionable "error or accident" of the sort contemplated under Rule 10(e). See, e.g., Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1165 (3rd Cir.1986) (holding that the court is not authorized under Rule 10(e) "augment the record on appeal with deposition transcripts that were not on the record before it at the time its final decision was rendered."); accord Jones v. Jackson Nat'l Life Ins. Co., 819 F.Supp. 1385, 1387 (W.D. Mich. 1993). Therefore, it would be improper to "correct," i.e., supplement the record on appeal with documents that were not before this court on summary judgement.

**IV.**

For the foregoing reasons, Clehm's Motion to Correct the Record, ECF No. 241, is

**DENIED**. The Clerk is directed to send a copy of this Memorandum Opinion to all

counsel of record.

It is so **ORDERED**.

Entered: *01-11-2019*

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge